### 65596. WILSON v. THE STATE.

SOGNIER, Judge.

Appellant filed a Plea in Bar to a charge of driving under the influence of alcohol. His Plea in Bar of trial was denied. Appellant then entered a plea of nolo contendere and was fined. On appeal he contends it was error to deny his Plea in Bar of trial.

On June 18, 1982 appellant was stopped by a Georgia State patrolman in Vidalia, Georgia for driving under the influence of alcohol. On June 28, 1982 he posted a cash bond at the sheriff's office in the courthouse for Toombs County and received a "Fines and Forfeitures receipt." Appellant failed to appear at the July 1982 term

of the State Court of Toombs County and on August 27, 1982 the judge of that court entered an order as follows: "It is ordered in Open Court that the forfeiting of Cash Bonds as shown herein be and is declared to be a final disposition of all cases from 6-24-82 to Aug. 9, 1982." A typewritten list of names and offenses was attached to the order, including appellant's name with DUI listed as the offense.

On September 29, 1982 a notice was mailed to appellant directing him to appear in the State Court of Toombs County on October 11, 1982 for arraignment on the same charge (DUI on June 18, 1982). Prior to arraignment appellant filed a Plea in Bar, contending that his arraignment and trial for driving under the influence of alcohol on June 18, 1982 would constitute double jeopardy.

At a hearing on the Plea in Bar the trial court acknowledged entering the order of August 27, 1982 and acknowledged that appellant's name was included on the list of persons whose cases were covered by the order. However, in denying appellant's Plea in Bar the trial judge stated that "I did not compare each name to each individual ticket. So his [appellant's] name did appear on this order ... I inadvertently signed it without sufficient knowledge and not recognizing that Mr. Wilson's name was on there." No attempt has been made to amend or modify the order to delete appellant's name, nor has the order been revoked. Thus, by its own terms the order constitutes a final disposition of appellant's case, whether entered inadvertently or otherwise.

The state argues that the deputy sheriff had no authorization from the court to accept cash bonds, as required by OCGA § 17-6-5 (Code Ann. § 27-508) and, thus, the trial court had no authority to order appellant's cash bond forfeited. This argument is without merit.

OCGA § 17-6-5 (Code Ann. § 27-508) applies to sheriffs, deputies or agents who *arrest* a person *outside* the corporate limits of a municipality; in the instant case appellant was not arrested by a sheriff outside Vidalia, but by a state patrolman *inside* Vidalia. Thus, the code section relied on by the state is inapplicable in this case. Any defendant required to post bond or bail in criminal matters is authorized to post cash in the amount of the bond, OCGA § 17-6-4 (Code Ann. § 81-1017), and sheriffs are authorized to accept bail in misdemeanor cases. OCGA § 17-6-2 (Code Ann. § 27-902). Driving under the influence of alcohol or drugs is a misdemeanor. OCGA § 40-6-391 (Code Ann. § 68A-902). The sentence imposed for misdemeanors is within the discretion of the trial judge, so long as it is within the maximum limits of authorized punishment. OCGA § 17-10-3 (b) (Code Ann. § 27-2506).

OCGA § 16-1-7 (Code Ann. § 26-506) prohibits multiple prosecutions for the same conduct. This court has held that "[a]lthough the heading of [OCGA § 16-1-7 (Code Ann. § 26-506)] relates to 'Multiple prosecutions for same conduct' it actually proscribes multiple convictions *and successive prosecutions* for the 'same conduct.' " (Emphasis supplied.) *Brock v. State,* 146 Ga. App. 78, 80 (245 SE2d 442) (1978). Since there is no question that this trial was for the same conduct which resulted in a forfeiture of bond on August 27, 1982, such forfeiture being a "final disposition" of the case, it was error to deny appellant's Plea in Bar of trial. *Brock,* supra; *State v. Willis,* 149 Ga. App. 509, 511 (3) (254 SE2d 743) (1979).

*Judgment reversed. Quillian, P. J., and Pope, J., concur.*

DECIDED JULY 12, 1983.

*William T. Whatley,* for appellant.
*Bruce V. Durden, Solicitor,* for appellee.