### 77175. SMITH v. THE STATE.
(378 SE2d 493)

BEASLEY, Judge.

Defendant directly appeals the denial of his plea of double jeopardy. See *Patterson v. State*, 248 Ga. 875 (287 SE2d 7) (1982); *McCannon v. State*, 252 Ga. 515 (315 SE2d 413) (1984).

Defendant was arrested for driving with a suspended license and three counts of violation of the controlled substances act. He was charged by an accusation for the traffic offense and separately indicted for the drug violations. When the traffic offense was scheduled for trial it was the responsibility of Hearn, an assistant district attorney who had begun his job only the month before. After Hearn plea-bargained, defendant pled guilty to driving without a license and was sentenced. Hearn was then informed that the drug charges were on the trial calendar the following week.

Defendant filed a plea in bar based upon OCGA § 16-1-7 (b),

which the trial court denied after a hearing. Defendant argues, as he did below, that the times and dates on the arrest warrants show that all charges arose out of the same transaction; that both the accusation and the indictment were handled by the district attorney's office; that defendant filed defensive motions served under OCGA § 17-1-1, including a motion to quash the indictment which raised the issue and gave notice that the charges in the accusation and the indictment both arose out of the same conduct or transaction.

The State urges that the accusation and the indictment were maintained in separate files; that Hearn denies actual knowledge and there is nothing to show that he knew of the indictment until after the plea to the accusation was entered.

OCGA § 16-1-7 (b) provides: "If the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution." *Baker v. State*, 257 Ga. 567 (361 SE2d 808) (1987), *Powe v. State*, 257 Ga. 563 (361 SE2d 811) (1987), and *Farmer v. State*, 184 Ga. App. 851, 852 (363 SE2d 62) (1987), hold that the requirements of the code section, that all offenses arising from the same conduct be tried together, apply "only to such crimes which are *actually* known to the prosecuting officer *actually* handling the proceedings."

A prosecution is commenced "with the return of the indictment or the filing of the accusation." OCGA § 16-1-3 (14). Here the accusation and the indictment bear the name of the district attorney. The warrants as to each show that the other charges were known. The filing of the accusation first and the return of the indictment some months later commenced the prosecution as to each charge. When the prosecution as to the defendant's conduct on the occasion of the offenses began, he was the "proper prosecuting officer." These documents constitute conclusive circumstantial evidence that the district attorney had actual knowledge of all the offenses arising from the same conduct and the pendency of both prosecutions, *Patellis v. Tanner*, 197 Ga. 471, 477 (4) (29 SE2d 419) (1944), *Roebuck v. Payne*, 109 Ga. App. 525, 527 (3) (136 SE2d 399) (1964), and *National Life &c. Ins. Co. v. Fischel*, 62 Ga. App. 645, 646 (1) (9 SE2d 192) (1940), but chose to proceed separately as to each. When the first prosecution reached the trial stage and jeopardy set in, the bar dropped. *Cochran v. State*, 176 Ga. App. 58, 60 (335 SE2d 165) (1985). The two cases were not a problem; the two separate dispositional proceedings were. OCGA § 16-1-7 (b) is a procedural double jeopardy provision which is "designed to protect an accused against the harassment of multiple prosecutions arising from the same conduct." *Waites v. State*, 238 Ga. 683, 684 (235 SE2d 4) (1977). Thus, the prosecuting officer must avoid jeopardy from attaching as to the less than all charges arising out of

defendant's "same conduct" where, at the time he commences the prosecution by filing an accusation or achieving return of an indictment, he actually knows of the other charges.

The fact that Hearn, an assistant district attorney, who got assigned after the cases were commenced, did not know of the other offenses when he disposed of the accusation, begs the question. He was not the prosecuting officer at the prosecution's commencement.

Because the offenses were actually known to the officer actually handling the proceedings at the outset, it was error to overrule the double jeopardy motion.

*Judgment reversed. Banke, P. J., and Birdsong, J., concur.*

DECIDED JANUARY 26, 1989 —
REHEARING DENIED FEBRUARY 10, 1989 — 

*Virgil L. Brown*, for appellant.
*W. Fletcher Sams*, District Attorney, *Sharon Law*, Assistant District Attorney, for appellee.