## A92A1924. LEWIS v. THE STATE.
(427 SE2d 578)

BLACKBURN, Judge.

In November 1990, a Department of Natural Resources conservation ranger charged the appellant, Robin Lewis, with hunting before legal hours and negligent hunting, both charges stemming from an incident in which Lewis accidentally shot another individual while hunting. On November 9, 1990, he appeared before the Fannin County Probate Court and paid a fine of $122 for the negligent hunt-

ing charge.

Subsequently, Lewis was indicted for the felony offense of misuse of a firearm while hunting, in violation of OCGA § 16-11-108, based on the same incident. He then filed a motion in autrefois convict and plea of former jeopardy, which was denied by the trial court. Even though denial of a plea of former jeopardy may be directly appealed, *Patterson v. State*, 248 Ga. 875 (287 SE2d 7) (1982), Lewis sought an interlocutory appeal, and this court granted his application.

Initially, we note that we are without the benefit of a transcript of the hearing before the trial court considering Lewis's plea of former jeopardy, or of the proceedings before the probate court that fined him for negligent hunting. However, since probate courts have jurisdiction to conduct trials, receive pleas of guilty, and impose sentence for violations of misdemeanor offenses specified in Title 27, the fine imposed against Lewis by the probate court ostensibly pertained to a violation of OCGA § 27-2-25.1 (b). That statute makes it a misdemeanor for a hunter to fail to notify the Georgia Department of Natural Resources or any appropriate law enforcement officer in the event he injures or kills another person with a hunting weapon.

The indictment subsequently returned against Lewis charged him with a violation of OCGA § 16-11-108 (a), which provides that "[a]ny person who while hunting wildlife uses a firearm or archery tackle in a manner to endanger the bodily safety of another person by consciously disregarding a substantial and unjustifiable risk that his act or omission will cause harm to or endanger the safety of another person and the disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation is guilty of a misdemeanor; provided, however, if such conduct results in serious bodily harm to another person, the person engaging in such conduct shall be guilty of a felony. . . ." The probate court had no jurisdiction over such an offense, and any prosecution of this felony offense before the probate court would have been void and no impediment to a subsequent prosecution in the superior court which did have jurisdiction. *Parker v. State*, 170 Ga. App. 333 (317 SE2d 209) (1984).

Inasmuch as both offenses stem from the same conduct, Lewis contends that the former prosecution in the probate court should bar the subsequent prosecution. However, under the facts as presented in this case, we conclude that the second prosecution is allowed.

"The starting point for an analysis for any double jeopardy question in this state must begin with [OCGA §§ 16-1-6 through 16-1-8] . . . [T]hese provisions . . . provide new, expanded statutory tests for determining double jeopardy questions, thereby rendering inapplicable previous Georgia decisions applying only minimum constitutional standards of double jeopardy. These statutory provisions distinguish

between two aspects of double jeopardy — first, limitations upon multiple prosecutions for crimes arising from the same conduct (referred to as the *procedural* bar of double jeopardy); and, second, limitations upon multiple convictions or punishments that may be imposed for such crimes (referred to as the *substantive* bar of double jeopardy)." *Stephens v. Hopper*, 241 Ga. 596, 598-599 (247 SE2d 92) (1978).

OCGA § 16-1-7 (a) provides that "[w]hen the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if: (1) One crime is included in the other; or (2) The crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct." OCGA § 16-1-7 (b) provides that "[i]f the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution. . . ."

In the instant case, allowing the state to proceed with its prosecution of the felony violation of OCGA § 16-11-108 (a) presents no danger of subjecting Lewis to impermissible multiple convictions. The misdemeanor offense of OCGA § 27-2-25.1 (b) prohibits the failure to report an accidental injury to another while hunting. The felony offense of misuse of a firearm while hunting requires a showing of a conscious disregard of a substantial and unjustifiable risk of injuring another person which results in serious bodily harm to another. The two offenses contain some different elements and require proof of different facts, and thus one offense is not included within the other. *Stephens v. Hopper*, supra. Further, the two offenses are not intertwined, in that one does not merely represent a specific instance of the general conduct prohibited by the other.

In order to sustain Lewis's plea of former jeopardy under OCGA § 16-1-7 (b), he had the burden of showing that the proper prosecuting officer at the time of commencing the probate court proceeding knew of the felony offense arising from the same incident that resulted in the misdemeanor charge. This procedural protection applies only to such crimes that are actually known to the prosecuting officer actually handling the proceeding, and the burden is on the defendant to show that knowledge on the part of the proper prosecuting officer. *Baker v. State*, 257 Ga. 567 (361 SE2d 808) (1987). In the instant case, there could be no showing of knowledge of an actual felony charge against Lewis at the time of the probate court proceeding, because Lewis had not yet been charged with the felony offense. Had the district attorney known of or participated in the probate court proceeding, and known of the impending felony charge against Lewis,

perhaps the procedural protection of OCGA § 16-1-7 (b) may have been invoked. See *McCrary v. State*, 171 Ga. App. 585 (320 SE2d 567) (1984). However, there is no indication that the district attorney had even been aware of the probate court proceeding, until after the fact. Accordingly, Lewis's plea of former jeopardy could not be sustained pursuant to OCGA § 16-1-7 (b). *Anderson v. State*, 200 Ga. App. 530 (408 SE2d 829) (1991).

Allowing the state to proceed with the prosecution of Lewis for the felony offense does raise some concerns. "The first policy underlying the double jeopardy bar is to prevent harassment of the accused by successive prosecutions or the threat of successive prosecutions." *State v. Estevez*, 232 Ga. 316, 318 (206 SE2d 475) (1974). There is no indication of any intention of harassment in this case, but from Lewis's perspective he is not spared any trouble nonetheless. Also, there is the possibility of Lewis's guilty plea to a misdemeanor offense, which had some common elements with the felony offense subsequently charged, being used against Lewis in the prosecution of the felony charge. Nevertheless, as discussed above, we are unable to conclude that Lewis's plea of former jeopardy was sustainable under the controlling statutory provisions governing successive prosecutions and multiple convictions.

*Judgment affirmed. McMurray, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 1, 1993.

*McCracken K. Poston, Jr.*, for appellant.
*Roger Queen, District Attorney*, for appellee.

