## A95A0276. THE STATE v. KENNEDY.
(454 SE2d 600)

ANDREWS, Judge.

On October 26, 1992, Leann Kennedy was involved in an automobile accident. At the time of the accident, she was charged with driving on the wrong side of the road. The day after the accident, an occupant of the other vehicle died. The citation for driving on the wrong side of the road against Kennedy was filed with the Spalding County State Court clerk's office on November 25, 1992. The citation was signed by Griffin Howell III as Solicitor of the Spalding County State Court.

Kennedy subsequently paid the ticket at the sheriff's office. The bond was forfeited in open court on December 18, 1992 and on that date the order from the State Court judge approving the forfeiture and disposing of the case was filed.

On December 30, 1992, the State filed an accusation in the Spalding County State Court charging Kennedy with vehicular homicide based on the incident of October 26, 1992. That accusation was also signed by Griffin Howell III as Solicitor of the Spalding County State Court. Kennedy filed a plea of prior jeopardy, which the state court granted. Here, the State appeals.

In its sole enumeration of error, the State contends that the trial court erred in granting Kennedy's plea of prior jeopardy. OCGA § 16-1-7 (b) provides: "[i]f the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution except as provided in subsection (c) of this Code section." "OCGA § 16-1-7 prohibits multiple prosecutions for the same conduct. This court has held that although the heading of OCGA § 16-1-7 relates to 'Multiple prosecutions for the same conduct' it actually proscribes multiple convictions and successive prosecutions for the same conduct." (Citations and punctuation omitted.) *Wilson v. State*, 167 Ga. App. 421, 423 (306 SE2d 704) (1983).

The State claims that the prosecuting officer did not know of the charge of driving on the wrong side of the road since that charge was handled by the clerk's office. This argument was resolved adversely to the State in *Smith v. State*, 190 Ga. App. 246, 247 (378 SE2d 493) (1989). There, the court concluded that since the accusation and indictment bore the name of the district attorney, they constituted "conclusive circumstantial evidence that the district attorney had actual knowledge of all the offenses arising from the same conduct and the pendency of both prosecutions, [cits.], but chose to proceed separately as to each." *Smith,* supra at 247.

Secondly, the State claims that at the time the bonds for the

driving on the wrong side of the road charge were forfeited, it was unaware of the vehicular homicide charge. This argument, though somewhat unclear, is also without merit. The vehicular homicide charge was for the same conduct which resulted in a forfeiture of bond. The crime of vehicular homicide was complete prior to the filing of the accusation for driving on the wrong side of the road. Compare *Lefler v. State*, 210 Ga. App. 609 (1) (436 SE2d 777) (1993); *Herrera v. State*, 175 Ga. App. 740 (334 SE2d 339) (1985). The forfeiture being a "final disposition" of the case,. it was proper for the court to sustain the plea and we find no error. See *Wilson*, supra; *State v. Brittain*, 147 Ga. App. 626 (249 SE2d 679) (1978). Given these facts, the State's reliance on *Zater v. State*, 197 Ga. App. 648 (399 SE2d 222) (1990), is misplaced.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 23, 1995.

*Newton & Howell, Griffin E. Howell III,* for appellant.
*Wallace & Moss, Howard P. Wallace,* for appellee.