A95A1604. IN THE INTEREST OF B. G. W. III, a child.
(461 SE2d 568)

BIRDSONG, Presiding Judge.

B. G. W. III appeals his juvenile adjudication for the traffic offense of driving without a license. He was sentenced to pick up trash on four Saturday mornings. He contends the evidence was insufficient to sustain the allegations against him beyond a reasonable doubt and that the juvenile court erred by failing to advise him, before the hearing, of his right to counsel and his right against self-incrimination. *Held*:

1. On appeal the evidence must be viewed in the light most favorable to the decision below, the juvenile no longer enjoys the presumption of innocence, and the appellate court determines the sufficiency of the evidence, and neither weighs the evidence nor judges the

credibility of the witnesses. See *Grant v. State*, 195 Ga. App. 463 (393 SE2d 737). Here, the evidence is sufficient because B. G. W. III and his parents all admitted in court that, although B. G. W. III was 15 years old and had only a learner's permit, he frequently drove to school without an authorized, licensed driver in the car. The record also reflects that the parents consented to B. G. W. III driving without a license because they had the financial resources to stand behind him if he had an accident. This evidence is sufficient. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *In the Interest of J. K. D.*, 211 Ga. App. 776, 778 (440 SE2d 524); *In the Interest of R. A. W.*, 197 Ga. App. 225 (398 SE2d 261).

2. The contentions made by B. G. W. III regarding the advice of his rights in these proceedings are without merit. The procedures in juvenile courts for traffic offenses are established in OCGA § 15-11-49; juvenile traffic offenses are given special treatment in juvenile law and are not considered delinquency proceedings unless transferred to the delinquency calendar. *Cabral v. White*, 181 Ga. App. 816, 817 (354 SE2d 162). With the exception of some serious traffic offenses, exclusive jurisdiction over juvenile traffic offenses is vested in the juvenile court. OCGA § 15-11-49 (b) and (c). Under OCGA § 15-11-49 (d), a juvenile traffic offense is not an act of delinquency unless transferred to the delinquency calendar. Thus, the procedures are informal, and disposition is permitted upon the admission of the child. OCGA § 15-11-49 (f). Considering the informal nature of the proceedings, we find that Juvenile Court Rule 4.7 is not applicable to traffic offenses under OCGA § 15-11-49. The juvenile court below did not err by treating the procedures informally.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED AUGUST 23, 1995 —

*John A. Rumker*, for appellant.
*Richard E. Currie, District Attorney*, for appellee.