A96A1759, A96A1760. WEAVER v. THE STATE (two cases).
(480 SE2d 286)

RUFFIN, Judge.

Boyd Weaver appeals from the trial court's denial of his plea of former jeopardy. We reverse.

The record shows that on August 22, 1995, Weaver was arrested for speeding, driving under the influence of drugs and endangering a child while driving under the influence. Weaver was charged by accusations filed in the State Court of Stephens County for endangering a child while driving under the influence and for driving under the influence. Both accusations were signed by solicitor James E. Cornwell, Jr. Weaver's speeding citation was also filed with the court in lieu of an accusation. Weaver entered not guilty pleas to all three charges and served Cornwell with copies of the pleas. On the same day Weaver entered his pleas, he filed and served Cornwell with several motions and discovery demands for each of the three charges. Cornwell also served Weaver with a Notice of Intention to Proffer Certificate of Scientific Reports. Significantly, the notice provides in part that "[t]he solicitor hereby gives notice that it intends to introduce [the certificate described in the notice] and its attached test results in the above-referenced criminal action." The notice expressly describes all three charges and refers to their respective docket numbers.

Thereafter, Weaver changed his plea on the speeding charge to nolo contendere. Cornwell signed the plea as a witness, and that same day the trial judge sentenced Weaver on the speeding charge. Weaver subsequently filed his motion in autrefois convict and plea of former jeopardy. He argued that prosecution of the charges for driving under the influence of drugs and endangering a child while driving under the influence was barred because his nolo contendere plea and sentence for the speeding charge constituted a prosecution under OCGA § 16-1-7 (b). The trial court denied Weaver's motion, finding that his nolo contendere plea did not constitute a prosecution because a jury was not empaneled and sworn. We believe that the trial court erred.

OCGA § 16-1-7 (b) requires the State to prosecute crimes in a single prosecution if the crimes (1) arise from the same conduct, (2) are known to the proper prosecuting officer at the time of commencing the prosecution, and (3) are within the jurisdiction of a single court. *Griffin v. State*, 266 Ga. 115, 117 (2) (464 SE2d 371) (1995). A second prosecution is barred under OCGA § 16-1-8 (b) (1) if it is for crimes which should have been brought in the first prosecution under OCGA § 16-1-7 (b). *McCannon v. State*, 252 Ga. 515, 518 (315 SE2d 413) (1984).

A second prosecution in this case was barred by OCGA § 16-1-8

(b) (1). It is clear that Weaver's plea of nolo contendere on the speeding charge followed by the court's sentencing constituted a prosecution. See id. Accordingly, we must determine only whether the other two charges meet the requirements of OCGA § 16-1-7 (b).

The record shows, and it is not disputed, that all three charges arose from Weaver's driving misconduct on August 22, 1995. It is also clear and undisputed that all three crimes were within the jurisdiction of the State Court of Stephens County. The State argues in its brief, however, that there is no evidence showing that all three offenses were known to Cornwell, the proper prosecuting officer, at the time Weaver entered his nolo contendere plea. We disagree.

Although the State correctly points out that OCGA § 16-1-7 (b) applies only to crimes *actually* known to the prosecutor at the time he or she commenced the first prosecution, the record here shows such actual knowledge. See *Smith v. State*, 190 Ga. App. 246, 247 (378 SE2d 493) (1989). As shown above, prior to entering his nolo contendere plea, Weaver served Solicitor Cornwell with not guilty pleas and numerous motions and discovery demands for all three charges. Even if Cornwell could argue that he did not know of all three charges after receiving those documents, Cornwell must have actually known about all three offenses when he served Weaver with the Notice of Intention to Proffer Certificate of Scientific Reports. That notice clearly shows Cornwell intended to use various scientific reports in prosecuting all three charges. As this Court found in *Smith*, "[t]hese documents constitute conclusive circumstantial evidence that the [solicitor] had actual knowledge of all the offenses arising from the same conduct and the pendency of both prosecutions, [cits.], but chose to proceed separately as to each." Id. Because jeopardy attached when Weaver entered his nolo contendere plea and was sentenced for the speeding charge, the state is barred from subsequently prosecuting him for the other two charges which arose from the same conduct. See id.; *McCannon*, supra. Accordingly, the trial court erred in denying Weaver's plea of former jeopardy. *McCannon*, supra; *Smith*, supra.

*Judgment reversed. McMurray, P. J., and Johnson, J., concur.*

DECIDED JANUARY 15, 1997.

*Timothy P. Healy*, for appellant.
*James E. Cornwell, Jr., Solicitor*, for appellee.