A98A0065. IN THE INTEREST OF J. B. W., a child.
(497 SE2d 1)

JOHNSON, Judge.

J. B. W., a minor, directly appeals from the denial of his plea of double jeopardy. See *Patterson v. State*, 248 Ga. 875 (287 SE2d 7) (1982); *Weaver v. State*, 224 Ga. App. 243 (480 SE2d 286) (1997); *Smith v. State*, 190 Ga. App. 246 (378 SE2d 493) (1989).

J. B. W. was involved in an automobile accident on August 19, 1996. The police report indicated that J. B. W. was cited for the offenses of DUI, hit and run, failure to maintain lane, and having no proof of insurance. However, the citations issued charged J. B. W. with driving on the wrong side of the roadway, no proof of insurance, possession of alcohol by a minor while operating a vehicle, and failing to use a seatbelt.

On August 19, 1996, the officer filed a complaint in the Juvenile Court of DeKalb County, assigned file no. 950366201, charging J. B. W. with DUI, hit and run, and failure to maintain lane. Two days later an assistant solicitor filed a petition seeking an adjudica-

tion of delinquency based on the DUI and hit and run charges. The petition bears the same file number as the officer's complaint. On August 22, 1996, J. B. W.'s parents were sent a letter on "Juvenile Court of DeKalb County" letterhead informing them that an arraignment for DUI and hit and run charges had been scheduled for October 2, 1996. On August 23, 1996, another letter was sent to J. B. W.'s parents, on the same letterhead, notifying them that J. B. W. had been cited for various traffic offenses. The letter included the amount of fines for the offenses, instructions for paying, and a warning that if the fines were not paid before September 13, 1996, J. B. W.'s driver's license might be suspended. The letter also included instructions for pleading not guilty to the offenses.

On September 12, 1996, J. B. W. and his father went to the clerk's office of the juvenile court in accordance with the instructions in the August 23 letter, entered a plea, and paid the fines, disposing of these offenses. On October 2, 1996, J. B. W. filed a motion to dismiss the other charges pursuant to OCGA § 16-1-7 (b), the double jeopardy statute. Without stating a reason therefor, the juvenile court judge denied J. B. W.'s motion after a hearing. We reverse.

In *Weaver*, supra, the defendant was arrested for speeding, DUI and endangering a child. He was later charged by accusation of endangering a child and DUI. Weaver initially pled not guilty to all three charges. Later, he pled nolo contendere to the speeding charge and was sentenced by the trial judge. Weaver subsequently filed a plea of double jeopardy with regard to the other charges, which the trial court denied. This Court reversed, holding that a plea of nolo contendere followed by the court's sentencing constituted a prosecution. "OCGA § 16-1-7 (b) requires the State to prosecute crimes in a single prosecution if the crimes (1) arise from the same conduct, (2) are known to the proper prosecuting officer at the time of commencing the prosecution, and (3) are within the jurisdiction of a single court. [Cit.] A second prosecution is barred under OCGA § 16-1-8 (b) (1) if it is for crimes which should have been brought in the first prosecution under OCGA § 16-1-7 (b). [Cit.]" *Weaver*, supra at 243.

Likewise, in *State v. Kennedy*, 216 Ga. App. 405 (454 SE2d 600) (1995), this Court affirmed the grant of Kennedy's plea of double jeopardy. Kennedy was involved in an automobile accident and was cited for driving on the wrong side of the roadway. The day after the accident, an occupant of the other vehicle died. Kennedy paid the ticket a month before the state filed an accusation charging her with vehicular homicide. The state asserted that the prosecutor did not know of the charge of driving on the wrong side of the road since the charge was handled by the clerk's office. "This argument was resolved adversely to the State in *Smith v. State*, 190 Ga. App. 246, 247 (378 SE2d 493) (1989)[, aff'd, *State v. Smith*, 259 Ga. 352 (381

SE2d 37) (1989)]. There, the court concluded that since the accusation and indictment bore the name of the district attorney, they constituted 'conclusive circumstantial evidence that the district attorney had actual knowledge of all the offenses arising from the same conduct and the pendency of both prosecutions, (cits.), but chose to proceed separately as to each.' [Cit.]" Id. See also *Morgan v. State*, 220 Ga. App. 198 (469 SE2d 340) (1996).

From a review of the authorities cited above, it is clear the denial of J. B. W.'s plea in bar on double jeopardy grounds would be error in the state court system generally. We next examine the state's contention that a different result is demanded because the proceedings occurred in juvenile court. The state takes the position that double jeopardy protection is unavailable to juveniles because the nature of the proceedings in juvenile court is civil rather than criminal. However, in *Breed v. Jones*, 421 U. S. 519 (95 SC 1779, 44 LE2d 346) (1975), the United States Supreme Court held that jeopardy does attach within the meaning of the Fifth Amendment in delinquency proceedings in juvenile court. Likewise, in *In the Interest of S. L. H.*, 205 Ga. App. 278, 280 (422 SE2d 43) (1992), this Court acknowledged that constitutional protections against double jeopardy apply to juvenile proceedings, but held that a second prosecution in that case was not barred because the first proceeding had not been improperly terminated. See *In re T. E. D.*, 169 Ga. App. 401, 402 (2) (312 SE2d 864) (1984).

The state also argues that OCGA § 15-11-49 provides for the segregation of juvenile traffic offenses from other delinquency offenses. While that statute provides that certain, more serious traffic offenses shall be handled as delinquent offenses and not juvenile traffic offenses (OCGA § 15-11-49 (c)), it also provides a method by which juvenile traffic offenses generally can be transferred to a delinquency calendar. OCGA § 15-11-49 (d) and (i); *In the Interest of B. G. W.*, 218 Ga. App. 384, 385 (2) (461 SE2d 568) (1995). See also *In the Interest of L. J. V.*, 180 Ga. App. 400 (349 SE2d 37) (1986). All of the charges against J. B. W. arising from this incident could have been prosecuted together in the delinquency proceeding, but were not.

Because the subsequent prosecution of J. B. W. would have been barred on double jeopardy grounds had he been an adult, and because double jeopardy protection also applies to juveniles, the trial court erred in denying his motion to dismiss based on double jeopardy.

*Judgment reversed. Birdsong, P. J., and Smith, J., concur.*

DECIDED JANUARY 9, 1998 —
RECONSIDERATION DENIED FEBRUARY 20, 1998.

*Lewis M. Groover, Jr.*, for appellant.
*Jonath A. Morrow, Solicitor, Lori B. Brudner, Assistant Solicitor*,
for appellee.