### A01A0835. MACK v. THE STATE.
(547 SE2d 697)

PHIPPS, Judge.

By accusation filed in the State Court of Dougherty County, and later by indictment returned in the Superior Court of Dougherty County, Willie Charles Mack was charged with criminal trespass onto a Food Lion grocery store in Albany on September 27, 1999. The indictment additionally charged Mack with other more serious offenses arising from the same incident. Following Mack's conviction of criminal trespass in state court, he filed a plea of double jeopardy and motion to dismiss the charges in superior court. The superior court granted the plea as to the criminal trespass charge but denied the plea as to the remaining charges. Under Georgia law, double jeopardy bars Mack's prosecution in superior court for all of the offenses. We, therefore, reverse.

On September 27, an employee of the grocery store observed Mack on the premises even though he had been banished from the store due to a prior shoplifting arrest. When Mack was confronted about his presence in the store and informed that he was trespassing, he allegedly battered and assaulted various individuals. The state court accusation was filed on October 15, 1999, as a result of a citizen's warrant sworn out by an employee of the store. As a result of warrants issued to the Albany Police Department, the indictment was returned on December 16, 1999, charging Mack with battery, simple battery, and aggravated assault, as well as criminal trespass. Mack was tried for criminal trespass on the accusation in state court on April 4, 2000.

In the Dougherty Judicial Circuit, unlike most other judicial circuits in this state, the district attorney functions as chief prosecutor in both superior and state courts. However, the district attorney has delegated his prosecutorial responsibilities in state court to the chief assistant district attorney of the state court division, who functions as de facto solicitor-general of the county. Nonetheless, the district attorney's preprinted name, though not his signature, appeared on Mack's accusation and indictment. The state court prosecution was assigned to one of the assistant district attorneys in the state court division, and the superior court prosecution was assigned to an assistant district attorney in the superior court division.

The chief assistant district attorney of the state court division testified that the documentation received by the prosecutor's office in

state court in no way indicated that Mack had committed any offenses on September 27 other than criminal trespass. The assistant district attorney who handled the case in state court testified that he first became aware of the charges being prosecuted in superior court through testimony given by a prosecution witness during Mack's state court trial. Similarly, the assistant district attorney prosecuting the superior court case was unaware of the state court prosecution. And the district attorney testified that he had no personal knowledge concerning either prosecution until he was informed of Mack's double jeopardy plea.

In reliance on *Smith v. State*[1] and *State v. Smith*,[2] Mack argues that his superior court prosecution is barred by OCGA § 16-1-7 (b), which provides: "If the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution." "[T]he requirements of [this] code section, that all offenses arising from the same conduct be tried together, apply 'only to such crimes which are *actually* known to the prosecuting officer *actually* handling the proceedings.' "[3] The burden is on the defendant to show such knowledge on the part of the prosecuting officer.[4]

In *Smith v. State*, an accusation was preferred and an indictment returned against the defendant in superior court. The accusation charged the defendant with a traffic offense. The indictment charged him with violations of the Controlled Substances Act based on drugs seized at the time of his arrest on the traffic charge. As here, both the accusation and indictment bore the name but not the signature of the district attorney. After disposition of the traffic charge, the defendant filed a double jeopardy plea to the drug charges. The superior court denied the plea based on undisputed evidence that the assistant district attorney handling the traffic case lacked actual knowledge of the drug offenses.

This court reversed because the inquiry under OCGA § 16-1-7 (b) concerns the knowledge of the prosecuting officer at the time the prosecution is commenced; a prosecution is commenced with the return of the indictment or the filing of the accusation; and the district attorney, by virtue of his name appearing on the accusation, was the prosecuting officer when the prosecution began. We held that the accusation and indictment constituted "conclusive circumstantial evidence that the district attorney had actual knowledge of all the

---

[1] 190 Ga. App. 246 (378 SE2d 493) (1989).
[2] 259 Ga. 352 (381 SE2d 37) (1989).
[3] (Emphasis in original.) *Smith v. State*, supra at 247.
[4] *Lewis v. State*, 207 Ga. App. 212, 214 (427 SE2d 578) (1993).

offenses arising from the same conduct and the pendency of both prosecutions, [cits.], but chose to proceed separately as to each."[5] Our Supreme Court granted certiorari in the *Smith* case. Agreeing with our conclusion, the Court affirmed our decision in a plurality opinion.[6]

In this case, the superior court found *Smith* to be distinguishable because of the undisputed testimony showing the absence of actual knowledge of the various prosecutions and offenses by the district attorney and assistant district attorneys. As a result, the court concluded that although Mack carried his initial burden of showing that the district attorney's preprinted name appeared on both the accusation and indictment, the State rebutted this proof through the affirmative testimony of the prosecuting attorneys.

The court erred in distinguishing *Smith* on these grounds. We interpret *Smith* as holding that the appearance of the district attorney's name on both an accusation and indictment constitutes circumstantial evidence which conclusively establishes his actual knowledge of the pendency of the prosecutions and of the offenses charged in each. This interpretation is shown by the fact that *Smith*, in support of its holding, cited cases such as *Roebuck v. Payne*.[7] *Roebuck* holds that in certain circumstances actual knowledge of a fact will be imputed to a party notwithstanding his assertion of ignorance of the fact.[8]

The State's reliance on *Blackwell v. State*[9] and *Turner v. State*[10] is misplaced. In *Blackwell*, the defendant filed a double jeopardy plea to hit and run and other charges after he had entered a plea of nolo contendere to a charge of no insurance arising from the same incident. It did not appear that the solicitor-general who was prosecuting the hit and run charges signed the traffic citation, and the defendant did not carry his burden of showing that the proper prosecuting officer for the no insurance charge had actual knowledge of the hit and run charges. Consequently, the state court's denial of the defendant's plea in bar to the hit and run prosecution was affirmed. It appears that in *Turner* there were different prosecutors for state court misdemeanor and superior court felony charges arising from the same incident; the defendant was indicted in superior court after pleading guilty to the charges in state court; and the defendant did not carry his burden of showing that the prosecutor of the misdemeanor

---

[5] *Smith v. State*, supra at 247.
[6] *State v. Smith*, supra at 353.
[7] 109 Ga. App. 525 (136 SE2d 399) (1964).
[8] Id. at 527 (3).
[9] 232 Ga. App. 884 (502 SE2d 774) (1998).
[10] 238 Ga. App. 438 (518 SE2d 923) (1999).

offenses had actual knowledge of the felonies. Accordingly, it was held that disposition of the misdemeanor charges did not bar the felony prosecution.

Here, the district attorney was the prosecuting attorney for both the accusation and the indictment when they were filed or returned. The appearance of his name on both charging instruments conclusively establishes his knowledge that prosecutions against Mack for offenses arising from the same conduct were being brought simultaneously. Undisputably, the superior court had jurisdiction of all the offenses. Consequently, Mack's conviction of the one offense in the state court proceeding raised a bar to his prosecution for all offenses charged in the superior court.

*Judgment reversed. Smith, P. J., and Barnes, J., concur.*

DECIDED APRIL 6, 2001 —
RECONSIDERATION DENIED APRIL 30, 2001 ▮

*Ingrid P. Driskell*, for appellant.
*Kenneth B. Hodges III, District Attorney, Kenneth A. Dasher, Assistant District Attorney*, for appellee.