A02A0930. GOVERT v. THE STATE.
(570 SE2d 393)

POPE, Presiding Judge.

Monika T. Govert appeals following the denial of her plea in bar by the Fayette County State Court. She asserted in support of her plea that under OCGA § 40-13-29 the Peachtree City Municipal Court had exclusive jurisdiction over state misdemeanor traffic violations occurring inside the city's corporate limits unless the defendant requests a jury trial. Because we find that the statute does not vest exclusive jurisdiction over such violations in the municipal court, we affirm.

On March 7, 2001, Govert was arrested and charged with driving under the influence under OCGA § 40-6-391 and failure to maintain lane. The uniform traffic citation issued by a Peachtree City police officer indicated that Govert was being charged with violating state law. The city solicitor later requested that the case be bound over to the State Court of Fayette County for trial, and on July 20, 2001, the state court issued an accusation against Govert on the same charges. Govert filed an objection in the Municipal Court of Peachtree City to the transfer of her case and a plea in bar in state court asserting that that court lacked jurisdiction under OCGA § 40-13-29. In each of

these pleadings, she noted that she had not demanded a jury trial, which she contends indicated her waiver of that right.[1] The state court denied her plea, but certified the issue for immediate appellate review. This appeal follows the grant of Govert's interlocutory application.

OCGA § 40-13-29 provides:

In all counties except those having city, county, or state courts, the judge of the probate court shall have exclusive jurisdiction of all traffic misdemeanor cases originating in the county outside of municipal corporations, and the judge of the municipal court in each municipal corporation shall have exclusive jurisdiction of traffic misdemeanor cases originating inside the corporate limits of municipalities.

Govert argues that we should interpret this statute as granting municipal courts exclusive jurisdiction of all misdemeanor traffic cases occurring within the limits of the municipality, where a defendant waives his right to a jury trial.

As an initial matter, we note that the statute clearly states that it does not apply in counties having state courts, and thus has no application in Fayette County, which has a state court.

Moreover, this issue has already been decided adversely to Govert. In *Smith v. State*, 62 Ga. App. 733 (2) (9 SE2d 714) (1940), this court held that the prior version of this statute[2] "did not take [away] from the superior courts jurisdiction to try misdemeanor violations of traffic laws, and vest such jurisdiction in . . . municipal courts . . . exclusively as against the superior courts." Thus, the court held that the jurisdiction was concurrent. Id. at 733 (2). See also *Allen v. State*, 85 Ga. App. 887 (1), (2) (70 SE2d 543) (1952). And in *Diamond v. State*, 151 Ga. App. 690, 691 (1) (261 SE2d 434) (1979), we held that the State Court of Chatham County had jurisdiction to try a misdemeanor traffic offense occurring within the city limits of Savannah, even where the offense was also a violation of a city ordinance.

In addition, the attorney general, in interpreting this statute,

---

[1] See *Nicholson v. State*, 261 Ga. 197, 200 (6) (b) (403 SE2d 42) (1991); *Walton v. State*, 261 Ga. 392, 393 (1) (405 SE2d 29) (1991) (absent a timely demand for jury trial of misdemeanor traffic offense in probate court, the right to a jury trial is waived).

[2] The prior version read:
The ordinaries shall have exclusive jurisdiction of all cases originating in the county, outside of municipal corporations, and the judge of recorder's court in each municipal corporation shall have exclusive jurisdiction of cases originating inside the corporate limits of municipalities. This section shall not apply to those counties having City Courts or County Courts.
Ga. Code Ann. § 92A-511 (Ga. L. 1937-38, Ex. Sess., p. 562, § 11).

held that the use of the term "exclusive" was not intended to divest other courts of jurisdiction, but rather was intended to define the relative jurisdictions of the probate and the municipal courts. 1989 Op. Atty. Gen. No. U89-30. See also 1963 Op. Atty. Gen. at 300.

Although the wording of the statute has since been amended, we find nothing in the amended language to alter the basic principle that the superior, state, and municipal courts share concurrent jurisdiction over the offenses in this case. Accordingly, we affirm the state court's denial of Govert's plea.

*Judgment affirmed. Ruffin and Barnes, JJ., concur.*

DECIDED AUGUST 20, 2002.

*Ballard & Ballard, Scott L. Ballard*, for appellant.
*Steven L. Harris, Solicitor-General*, for appellee.

