A03A0902. SIMMONS v. THE STATE.
(587 SE2d 312)

SMITH, Chief Judge.

Hughie Simmons appeals from the denial of his motion to dismiss and plea in bar based on an alleged violation of OCGA § 16-1-7 (b). Because Simmons failed to show that the proper prosecuting attorney had actual knowledge of all the charges against him, the trial court did not err in denying his motion.

On March 27, 2001, Simmons was stopped for speeding and was arrested for the offense of driving as a habitual violator. Tickets for each charge were issued to him, notifying him to appear in recorder's court on April 27, 2001. Simmons bonded out of jail but failed to appear for the scheduled court date. A rule nisi hearing was scheduled for June 22, 2001, with respect to the speeding citation. On that date, the DeKalb County Recorder's Court issued a bond forfeiture order on the speeding ticket. The order recites that the forfeiture was "accepted in lieu of fines and shall be the final disposition of this case." The habitual violator ticket is stamped "Warrant," and it appears that no further action was taken in recorder's court concerning that citation. In July 2002, Simmons was charged by accusation in superior court with one count of driving a motor vehicle as a habitual violator. He filed a motion to dismiss and plea in bar, arguing among other things that the State violated OCGA § 16-1-7 (b). He appeals from the denial of that motion.

Under OCGA § 16-1-7 (b), the State must prosecute a defendant for multiple crimes arising from the same conduct in a single prosecution if the crimes "are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court." Id. This Code section applies "only to such crimes which are *actually* known to the prosecuting officer *actually* handling the proceedings." (Citation and punctuation omitted.) *Baker v. State*, 257 Ga. 567, 569 (361 SE2d 808) (1987). Simmons failed to show that *any* prosecuting officer was present during the bond forfeiture proceeding in recorder's court. In fact, he concedes in his appellate brief that "there are no prosecuting attorneys assigned to DeKalb County Recorder's Court." He argues, however, that "since there is no prosecuting attorney at the DeKalb County Recorder's Court, in this case either the arresting officer or the presiding Judge at the Recorder's Court proceedings should be deemed to be the proper prosecuting officer."

Any argument that the arresting law enforcement officer can be considered the "proper prosecuting officer" under OCGA § 16-1-7 (b) has been rejected by this court. See, e.g., *Zater v. State*, 197 Ga. App. 648, 649 (399 SE2d 222) (1990). We will not revisit that issue here. And we cannot agree that the recorder's court acted as the "proper prosecuting officer." As argued by the State, "it is absurd to even consider that the court would be considered a representative of either party in a bond forfeiture proceeding. Appellant cannot circumvent the clear requirement of the statute by attempting to change the distinct role of the recorder's court judge into that of a prosecutor."

Simmons's reliance on *In the Interest of J. B. W.*, 230 Ga. App. 673 (497 SE2d 1) (1998), to argue that the recorder's court acted as a prosecuting officer is unavailing. In *J. B. W.*, a police officer filed a complaint in juvenile court against the defendant charging him with DUI, hit and run, and failure to maintain lane. Id. at 673. The DUI and hit and run charges were the basis of a petition filed two days later by an assistant solicitor seeking an adjudication of delinquency. Id. The petition filed by the assistant solicitor bore the same file number as the officer's complaint. Id. at 674. Within a few days, the defendant's parents received two letters, both bearing the letterhead of the "Juvenile Court of DeKalb County." Id. One letter informed them of defendant's arraignment on the DUI and hit and run charges, and the other notified them that he had been cited for certain traffic offenses. Id. The second letter also included information concerning defendant's fines, a warning that his license could be suspended for nonpayment of fines, and instructions for pleading not guilty. Id. The defendant pled guilty and paid his fines on those offenses, and he then moved to dismiss the remaining charges under

OCGA § 16-1-7 (b). The trial court denied the motion, and this court reversed.

*J. B. W.* is distinguished from this case in one important aspect. In that case, the assistant solicitor who filed the delinquency petition obviously had knowledge of all pending charges; the petition he filed bore the same file number as that found on the police officer's complaint. Consequently, the prosecutor's knowledge of all charges was shown by "conclusive circumstantial evidence." Id. at 675. Here, however, there is no evidence that *any* prosecuting officer, much less the *proper* prosecuting officer, had knowledge of both the speeding charge and the habitual violator charge at the time the speeding charge was disposed of in recorder's court. Simmons had the burden of showing that the proper prosecuting officer had actual knowledge of both charges. *Blackwell v. State*, 232 Ga. App. 884, 885 (502 SE2d 774) (1998). He failed to meet this burden, and the trial court therefore did not err in denying his motion to dismiss and plea in bar.

*Judgment affirmed. Ruffin, P. J., and Miller, J., concur.*

DECIDED SEPTEMBER 16, 2003.

*Noah H. Pines*, for appellant.

*J. Tom Morgan, District Attorney, Jennifer M. Daniels, Assistant District Attorney*, for appellee.