A09A0476. ETIENNE v. THE STATE.
(679 SE2d 375)

MIKELL, Judge.

Ambraze Etienne appeals from the denial of his plea of double jeopardy. Etienne was involved in an automobile accident on November 4, 2004, which resulted in serious injury to four individuals. Etienne was cited for failure to maintain lane on the date of the accident and for serious injury by vehicle approximately one month later. The police report indicates that the officer issued the additional charge after learning in court on December 1, 2004, that the victims had sustained serious injuries.

On January 26, 2005, the Magistrate Court of Fulton County gave Etienne a $5,000 signature bond on the serious injury by vehicle charge and sent the charge to the grand jury. The district attorney's office received the charge on April 18, 2005. Etienne pled guilty to failure to maintain lane in magistrate court on October 24, 2005. On November 3, 2006, indictment no. 06SC50398 was issued, charging Etienne with additional offenses stemming from the accident, which included four counts of serious injury by vehicle, failure to use turn signal, and driving too fast for conditions. Etienne filed a plea of former jeopardy, seeking an order dismissing the indictment on the grounds that he had pled guilty and been sentenced on the charge of failure to maintain lane. The Superior Court of Fulton County denied Etienne's plea, and he appeals from that order.[1]

---

[1] "The denial of a plea in bar on double jeopardy grounds is directly appealable."

On appeal from the grant or denial of a double jeopardy plea in bar, we review the trial court's oral and written rulings as a whole to determine whether the trial court's findings support its conclusion. Where the evidence is uncontroverted and witness credibility is not an issue, our review of the trial court's application of the law to the undisputed facts is de novo.[2]

For the reasons outlined below, we reverse the trial court's order denying Etienne's plea in bar.

Etienne argues that the indictment should be dismissed because he is protected from successive prosecution for the offenses arising out of the accident under OCGA §§ 16-1-7 and 16-1-8, and we agree.

"OCGA § 16-1-7 prohibits multiple prosecutions for the same conduct."[3] Specifically,

> OCGA § 16-1-7 (b) requires the State to prosecute crimes in a single prosecution if the crimes (1) arise from the same conduct, (2) are known to the proper prosecuting officer at the time of commencing the prosecution, and (3) are within the jurisdiction of a single court. A second prosecution is barred under OCGA § 16-1-8 (b) (1) if it is for crimes which should have been brought in the first prosecution under OCGA § 16-1-7 (b).[4]

We have held that "although the heading of OCGA § 16-1-7 relates to '[m]ultiple prosecutions for the same conduct' it actually proscribes multiple convictions and successive prosecutions for the same conduct."[5]

It is undisputed here that both charges arose out of the same conduct and that they could be tried in the superior court.[6] It is also apparent from the record, including the hearing transcript on the plea in bar, the police report, and the bond document signed in magistrate court, that the prosecuting officer knew that Etienne had

---

(Citations and punctuation omitted.) *Langlands v. State*, 282 Ga. 103, 104 (1) (646 SE2d 253) (2007). Thus, the indictment remains pending below in superior court.

[2] (Punctuation and footnotes omitted.) *State v. Jones*, 290 Ga. App. 879 (661 SE2d 573) (2008).

[3] (Citation and punctuation omitted.) *State v. Kennedy*, 216 Ga. App. 405 (454 SE2d 600) (1995).

[4] (Citations omitted.) *Weaver v. State*, 224 Ga. App. 243 (480 SE2d 286) (1997).

[5] (Citation and punctuation omitted.) *Kennedy*, supra.

[6] See *Govert v. State*, 257 Ga. App. 80, 81-82 (570 SE2d 393) (2002); *Gregg v. State*, 253 Ga. App. 243, 244 (2) (a) (558 SE2d 729) (2002).

been charged with both offenses.[7] In this case, the proper prosecuting officer was the solicitor-general who handled Etienne's guilty plea.[8] Here, when Etienne appeared in court in January 2005, both charges were pending, and the magistrate court judge bound over the serious injury by vehicle charge. Therefore, under OCGA § 16-1-7 (b), Etienne's plea in bar should have been granted.[9]

*Judgment reversed. Johnson, P. J., and Ellington, J., concur.*

DECIDED JUNE 1, 2009.

*Ashleigh B. Merchant*, for appellant.
*Paul L. Howard, Jr., District Attorney, John O. Williams, Assistant District Attorney*, for appellee.

---

[7] But see *Baker v. State*, 257 Ga. 567, 569 (361 SE2d 808) (1987) (denial of double jeopardy claim appropriate where defendant offered no evidence that solicitor had actual knowledge of felony offense that arose from same conduct as traffic charge); *Turner v. State*, 238 Ga. App. 438, 439-440 (518 SE2d 923) (1999) (denial of plea in bar affirmed where court rejected argument that accident report supplied actual knowledge of other crimes to prosecutor where report did not include facts supporting all crimes charged).

[8] *Barlowe v. State*, 286 Ga. App. 133, 134 (648 SE2d 471) (2007). Compare *Powe v. State*, 257 Ga. 563, 565 (361 SE2d 811) (1987) (plea of double jeopardy denied where there was no evidence that solicitor had knowledge of pending felony case arising out of same conduct).

[9] See *Weaver*, supra (defendant could not be prosecuted for DUI and endangering a child after pleading nolo contendere to a speeding charge arising out of the same incident); *Kennedy*, supra (defendant could not be prosecuted for vehicular homicide in state court after pleading guilty to charge of driving on the wrong side of the road that arose from the same accident). Compare *Bonner v. State*, 249 Ga. App. 358, 359-360 (1) (548 SE2d 84) (2001) (solicitor did not have actual knowledge of all of the crimes arising from the same conduct where felony charges did not arise from transfer of charges from solicitor's office).