# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **E.S.-1**

**No. 15-0681** (Raleigh County 13-JA-152-H)

**FILED**

January 11, 2016

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father E.S.-2, by counsel Benjamin N. Hatfield, appeals the Circuit Court of Raleigh County's May 27, 2015, order terminating his parental rights to five-year-old E.S.-1.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel William P. Jones, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Matthew A. Victor, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in (1) denying his motion for a dispositional improvement period, and (2) terminating his parental rights to the child.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2013, the DHHR filed an abuse and neglect petition alleging that petitioner maintained unsanitary home conditions, such as dog feces throughout the house and the presence of "an unidentifiable odor." The DHHR also alleged that petitioner committed domestic violence in the home and was aware that the child's biological mother physically abused E.S.-1.[3]

In November of 2013, the circuit court held an adjudicatory hearing during which petitioner stipulated that he neglected the child as set forth in the petition. Based on petitioner's stipulations, the circuit court adjudicated him as an abusing parent. By order entered on

---

[1]Because petitioner shares his initials with the child, we have distinguished them by using numbers 1 and 2. We refer to the child as E.S.–1 and petitioner as E.S.–2.

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

[3]The biological mother voluntarily relinquished her parental rights.

1

December 11, 2013, the circuit court granted petitioner a post-adjudicatory improvement period. The terms and conditions of the improvement period required petitioner to attend parenting, adult life skills, and anger management classes. The circuit court also required petitioner to maintain stable housing.

Beginning in February of 2014, the circuit court held several hearings to review petitioner's progress during the post-adjudicatory improvement period. By order entered June 4, 2014, the circuit court granted petitioner a three-month extension of his post-adjudicatory improvement period because his residence was destroyed by fire.

In February and March of 2015, the circuit court held two dispositional hearings in this matter. In those hearings, the circuit court heard evidence that petitioner appeared for his services pursuant to the requirements of his improvement period, but that he failed to make sufficient improvements. A service provider testified that while petitioner was present during services, he failed to actively participate in services and displayed issues controlling his anger. According to this service provider, petitioner left prescription bottles and plastic storage bins containing knives within the child's reach. Finally, this provider testified that petitioner terminated services after two visits during his improvement period. A second service provider also testified that, while petitioner exhibited some signs of improvement during the improvement period, he failed to benefit from services. A Child Protective Services ("CPS") worker also testified that petitioner made "minimal" improvements during his improvement period. Petitioner testified on his own behalf. Based on the evidence presented, the circuit court denied petitioner's motion for a dispositional improvement period and terminated his parental rights to the child. This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Further, our case law is clear that "in the context of abuse and neglect proceedings, the circuit court is the entity charged with weighing the credibility of witnesses and rendering findings of fact." *In re Emily*, 208 W.Va. 325, 339, 540 S.E.2d 542, 556 (2000) (citing Syl. Pt. 1, in part, *In re Travis W.*, 206 W.Va. 478, 525 S.E.2d 669 (1999)); se*e also Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d

531, 538 (1997) (stating that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations.").

On appeal, petitioner first assigns error to the circuit court's denial of his motion for a dispositional improvement period. We have long explained that circuit courts have discretion in deciding whether to grant or deny a respondent parent's motion for a dispositional improvement period. West Virginia Code § 49-6-12(c)(2) provides that circuit courts may grant a dispositional improvement period if "[t]he respondent demonstrates, by clear and convincing evidence, that the respondent is likely to fully participate in the improvement period[.]" As used in West Virginia Code § 49-6-12, the word "may" is a permissive term connoting discretion. *Gebr. Eickhoff Maschinenfabrik Und Eisengieberei mbH v. Starcher*, 174 W.Va. 618, 626 n.12, 328 S.E.2d 492, 500 n.12 (1985) (stating that "[a]n elementary principle of statutory construction is that the word 'may' is inherently permissive in nature and connotes discretion." (citations omitted)); Syl. Pt. 2, in part, *In re Lacey P.*, 189 W.Va. 580, 433 S.E.2d 518 (1993) (stating that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements; it is also within the court's discretion to terminate the improvement period . . . if the court is not satisfied that the [respondent parent] is making the necessary progress.").

In this case, the record is clear that petitioner failed to demonstrate a substantial change in circumstances since his initial improvement period and further failed to demonstrate that he was likely to fully comply with a dispositional improvement period. While petitioner argues that he substantially complied with the terms and conditions of his post-adjudicatory improvement period, we disagree. As noted above, the circuit court heard testimony that while petitioner attended his services, he failed to actively participate in those services and failed to make sufficient improvements. Despite his having attended parenting and adult life skills classes, the circuit court heard testimony that he continued to endanger the child by leaving prescription bottles and containers of knives within the child's reach. Similarly, a CPS worker testified that petitioner made "minimal" improvements during his post-adjudicatory improvement period and the subsequent extension. Petitioner also argues that he should have been granted a dispositional improvement period because the circuit court already implemented a "transitional plan" to reunify him with E.S.-1. Petitioner's characterization of a "transitional plan" is misplaced. Here, the record is devoid of any evidence that the DHHR implemented a "transition plan" to reunify petitioner with E.S.-1. A review of the record reveals that the DHHR simply allowed petitioner to exercise additional unsupervised visitation with E.S.-1 as part of his improvement period. Although petitioner complied with many aspects of his initial improvement period, we find that the circuit court did not abuse its discretion in denying his motion for a dispositional improvement period given the circumstances of this case.

As to petitioner's argument that the circuit court erred in terminating his parental rights, we find no error. As addressed above, the evidence established that petitioner failed to comply with the DHHR's services. Pursuant to West Virginia Code § 49-6-5(b)(3), there is no reasonable likelihood the conditions of abuse or neglect can be substantially corrected when "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to

reduce or prevent the abuse or neglect of the child." Moreover, we have held that "[i]n making the final disposition in a child abuse and neglect proceeding, the level of a parent's compliance with the terms and conditions of an improvement period is just one factor to be considered. The controlling standard that governs any dispositional decision remains the best interests of the child." Syl. Pt. 4, *In re: B.H. and S.S.*, 233 W.Va. 57, 754 S.E.2d 743 (2014). Based on our review of the record before us, we find that the circuit court was presented with sufficient evidence to make this finding in regard to petitioner based upon the evidence outlined above. Here, despite petitioner's compliance with the terms of his improvement period, he failed to implement those services and showed minimal if any improvement. Petitioner's had more than a year to correct the issues of abuse and neglect. Accordingly, we find no error in the circuit court's finding that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination was necessary for the child's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon these findings. As such, it was not error for the circuit court to terminate petitioner's parental rights.

For the foregoing reasons, we find no error in the circuit court's May 27, 2015, order, and we hereby affirm the same.

Affirmed.

**ISSUED**: January 11, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

4