A91A1307. SELVEY v. THE STATE.
(412 SE2d 611)

POPE, Judge.

"Defendant, as is his right, brings direct appeal from the order of the trial court overruling his plea of double jeopardy. *Patterson v. State*, 248 Ga. 875 (287 SE2d 7) (1982)." *Sanders v. State*, 188 Ga. App. 774 (374 SE2d 542) (1988). The record shows defendant was charged with the offenses of DUI, violation of the habitual violator statute and violation of a disorderly conduct ordinance. He was convicted on the disorderly conduct charge by the Gwinnett County Magistrate Court. The Superior Court reduced the habitual violator charge to the misdemeanor violation of defendant's probationary driver's license and transferred that charge, along with the DUI charge, to State Court. Defendant filed a plea in bar arguing that the three offenses should have been prosecuted in a single trial, pursuant to OCGA § 16-1-7 (b), and that the prosecution of the two remaining offenses is now barred pursuant to OCGA § 16-1-8 (b).

Crimes must be prosecuted in a single prosecution if they "[arise] from the same conduct[,] are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court . . . ." OCGA § 16-1-7 (b). First, we note that at the time defendant was convicted of the disorderly conduct charge by the Magistrate Court, the habitual violator charge had not yet been reduced to the misdemeanor charge of violating defendant's probationary license. The Magistrate Court had no jurisdiction to prosecute the felony habitual violator charge. We need not address the thorny issue of whether the police officer who brought the disorderly conduct charge before the Magistrate Court was the "prosecuting officer" for that charge (see *Zater v. State*, 197 Ga. App. 648 (399 SE2d 222) (1990)) because the record shows the remaining two charges did not arise out of the same conduct as the disorderly conduct charge. The disorderly conduct charge arose out of a disturbance

involving the defendant at a restaurant. When the officer arrived, defendant got in his car and drove off. The officer stopped defendant on the road and charged him with DUI. The Uniform Traffic Citation form showed that his earlier disorderly conduct provided the probable cause for the stop. However, disorderly conduct at a restaurant is not the same conduct as driving a car minutes later while under the influence of alcohol. That they " 'arose out of the same intoxication' " does not establish that the disorderly conduct offense arose out of the same conduct as the offenses of DUI and violation of defendant's probationary license. See *Fuller v. State*, 169 Ga. App. 468, 469 (3) (313 SE2d 745) (1984). Thus, the State is not barred from prosecuting defendant for the charges of violation of probationary license and DUI even though he has already been prosecuted for the disorderly conduct charge which arose from different conduct on the same night.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED NOVEMBER 18, 1991.

*Moore & Davidson, W. Keith Davidson*, for appellant.

*Gerald N. Blaney, Jr., Solicitor, Allison L. Thatcher, Assistant Solicitor*, for appellee.