A95A1593. ROWE v. THE STATE.
(463 SE2d 21)

RUFFIN, Judge.

Alisha Rowe appeals from the denial of her motion in autrefois convict and plea of former jeopardy. This case presents the "thorny issue" of whether the police officer who cited her for failure to yield the right of way was the "prosecuting officer" under OCGA § 16-1-7 (b). See *Selvey v. State*, 201 Ga. App. 848 (412 SE2d 611) (1991). Because we answered essentially the same question in the negative in *Zater v. State*, 197 Ga. App. 648 (1) (399 SE2d 222) (1990) and the trial court faithfully applied *Zater* in denying Rowe's motion, we affirm.

The record shows that on July 8, 1993, Rowe's vehicle collided with a motorcycle in Snellville, and as a result, Corporal C. M. Coats cited her for failure to yield the right of way. Rowe was transported to the hospital for blood and urine testing. Officer Coats advised her that DUI charges could be filed against her upon completion of the chemical testing. On August 20, 1993, the State Crime Laboratory issued a report which revealed the presence of marijuana and a cocaine metabolite in Rowe's urine. On September 10, 1993, Rowe posted a cash bond in the amount of $82.50 on the failure to yield citation, and on September 15, 1993, the Recorder's Court of the City of Snellville disposed of the citation with a bond forfeiture. Several

weeks later, on October 5, 1993, Officer Coats informed Rowe that based on her test results, he was charging her with DUI. On the same day, Coats issued a written citation. The case was thereafter bound over to the State Court of Gwinnett County where the Gwinnett County Solicitor charged Rowe with three counts of DUI and one count of failure to yield the right of way. Rowe filed a motion for autrefois convict and plea of former jeopardy seeking a dismissal of the charges on the ground that her prosecution in the state court was barred by the final disposition of the case in the recorder's court.

In the hearing on Rowe's motion, Jeffrey Kwiatkowski, the Solicitor of the Recorder's Court of the City of Snellville and a prosecutor in the Gwinnett County Solicitor's Office at the time in question, testified that he had no knowledge of Rowe's prosecution in the recorder's court and that he did not learn of the prior failure to yield charge until Rowe's motion was filed. Kwiatkowski's testimony further established that because Rowe paid the stipulated amount of the bond forfeiture, her case was disposed of without his personal involvement.

The trial court granted Rowe's motion on the failure to yield charge on the ground that the state court prosecution of that charge was barred by the bond forfeiture, but the court denied Rowe's motion as to the DUI charges. This appeal followed.

"Multiple convictions and successive prosecutions for the same conduct are prohibited under OCGA § 16-1-7 (b): 'If the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution.' " *Zater*, supra.

Because the evidence showed that Kwiatkowski was unaware of the recorder's court proceeding, the trial court held that Rowe failed to satisfy OCGA § 16-1-7 (b), relying on *Zater* for the proposition that "proper prosecuting officer" under OCGA § 16-1-7 (b) meant only the prosecuting *attorney* for the State. See id. at 649. In *Zater*, we expressly rejected the notion that the arresting officer is the "proper prosecuting officer" under OCGA § 16-1-7 (b). Id.

Notwithstanding our holding in *Zater*, Rowe contends Officer Coats should be deemed the "proper prosecuting officer" because no prosecuting attorney was personally involved in the recorder's court proceeding and Officer Coats initiated all of the charges against her. While we acknowledge this factual distinction between the two cases, we do not agree that a contrary construction of OCGA § 16-1-7 (b) is required because even if Kwiatkowski had actively prosecuted Rowe, there is no evidence he would have known about the pending DUI charges. The record shows and Officer Coats testified that he made no notation on the failure to yield citation that DUI charges were pend-

ing. He did indicate on the accident report that DUI tests were given and charges were pending. But Kwiatkowski testified that he did not see the accident report. Rowe bore the burden of showing that the proper prosecuting attorney had actual knowledge of all the charges. *Farmer v. State*, 184 Ga. App. 851 (363 SE2d 62) (1987). Although it stands to reason that in the course of prosecuting this case Kwiatkowski might see the accident report and therefore learn about the pending DUI charges, Rowe did not establish that fact by the evidence. Accordingly, the trial court did not err in finding that Rowe failed to satisfy OCGA § 16-1-7 (b) and denying her motion in autrefois convict and plea in bar.

*Judgment affirmed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED SEPTEMBER 19, 1995 —
RECONSIDERATION DENIED OCTOBER 18, 1995 — ▮▮▮▮▮▮▮▮

*Rich & Smith, Randolph G. Rich*, for appellant.
*Gerald N. Blaney, Jr., Solicitor, Richard E. Thomas, William F. Bryant, Assistant Solicitors*, for appellee.