## A98A0752. BLACKWELL v. THE STATE.
### (502 SE2d 774)

Judge Harold R. Banke.

After a motor vehicle accident occurring on July 15, 1996, Nathan Blackwell was cited for hit and run, running a red light, and no tag. About ten days later, an arrest warrant was issued at the victim's request, after the victim discovered that Blackwell had no insurance. On September 6, 1996, Blackwell filed a demand for a speedy/jury trial "in the above styled case" which asked that "this demand be placed upon the minutes, and that he/she be tried at this term of [sic] the next, and in default of a trial, that he/she be fully acquitted and discharged of said offense." Blackwell's demand failed to specify any accusation number, court date, term of court, or any other identifying information of the "said offense" at issue.[1] On Octo-

---

[1] Inasmuch as Blackwell's demand for speedy trial did not identify the charges pending or provide other specific information, it could not reasonably be construed as sufficient to

ber 14, 1996, the trial court accepted Blackwell's nolo contendere plea to the charge of no insurance. About ten months later, an assistant solicitor filed a three-count accusation against Blackwell for the original three traffic offenses. Blackwell then filed joint motions in autrefois convict and acquit claiming that any prosecution by the State for the hit and run, running a red light, and no tag offenses had been foreclosed by the entry of his plea in the no insurance case. *Held*:

In two enumerations of error, Blackwell contends that the State was obligated to prosecute him for all four charges in a single action because the offenses arose from the same incident and because the solicitor, Terry Stringer, had knowledge of all four offenses.

Multiple convictions and successive prosecutions for the same conduct are prohibited by OCGA § 16-1-7 (b). "If the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution." OCGA § 16-1-7 (b). However, the crimes must actually be known by the prosecuting officer who is actually handling the proceedings. *Zater v. State*, 197 Ga. App. 648, 649 (1) (399 SE2d 222) (1990).

In order to prevail on his plea of former jeopardy, Blackwell bore the burden of showing the proper prosecuting attorney had actual knowledge of all the charges. *Rowe v. State*, 218 Ga. App. 746, 748 (463 SE2d 21) (1995). See *Baker v. State*, 257 Ga. 567, 568 (361 SE2d 808) (1987) (constructive knowledge standard rejected). Blackwell did not establish that fact by the evidence. Blackwell argued that an unsigned state court form titled "Waiver of Formal Arraignment/ Acknowledgement of Court Date" on which Stringer's name and title had been printed was "circumstantial evidence of a conclusive nature" proving that Stringer had actual knowledge of all the offenses. Notwithstanding this claim, Blackwell did not elect to call Stringer as a witness and merely asserted that Stringer knew about the other offenses at the time of the plea negotiations on the no insurance charge. The clerk of the court testified, without contradiction, that his office routinely filed the traffic tickets after receiving them directly from the sheriff's department, without anyone from the solicitor's office seeing or reviewing them. See *Meservey v. State*, 230 Ga. App. 382, 383 (496 SE2d 518) (1998) (the mere filing of uniform traffic citations by the clerk's office, absent the " 'consent, direction, or approval of the solicitor-general,' " does not constitute commence-

put the State on notice of his demand. *Cummins v. State*, 202 Ga. App. 155 (413 SE2d 773) (1991).

ment of prosecution). See OCGA § 15-18-66 (b) (10).

Although the trial court incorrectly indicated that the prosecuting officer on the three uniform traffic citations was the arresting officer, Blackwell failed to show that any prosecuting official had actual knowledge of all four charges at the time of the plea. *Zater*, 197 Ga. App. at 649 (an arresting officer is not a "proper prosecuting officer"). In these circumstances, we cannot say that the trial court clearly erred in finding that Blackwell failed to satisfy OCGA § 16-1-7 (b) or by denying Blackwell's motion in autrefois convict and plea in bar. *Meservey*, 230 Ga. App. at 383; *Rowe*, 218 Ga. App. at 748.

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED JUNE 16, 1998.

*Conrad & Abernathy, Eric A. Ballinger*, for appellant.
*Leslie C. Abernathy, Solicitor, Laura A. Janssen, Assistant Solicitor*, for appellee.

