A99A0239. HONEA v. THE STATE.
(517 SE2d 841)

ANDREWS, Judge.

Timothy Wayne Honea claims the trial court erred by denying his plea of double jeopardy. Finding no error in the denial, we affirm.

On May 26, 1996, an accusation was filed in the State Court of Cobb County against Honea by the solicitor general. The accusation charged Honea with misdemeanor theft by receiving stolen property in that on January 31, 1996, he retained stolen property, to wit: an Alpine power amp having a value of less than $500, the property of Jeff Timothy. On August 5, 1996, Honea entered a plea of nolo contendere and was sentenced on the state court accusation.

On December 17, 1997, a two-count accusation was filed in the Superior Court of Cobb County against Honea by the district attorney. The first count charged Honea with felony theft by receiving stolen property in that on January 31, 1996, he retained stolen property, to wit: a Blaupunkt CD receiver with a value of more than $500. The second count charged Honea with misdemeanor theft by receiving stolen property in that on January 31, 1996, he retained stolen property, to wit: an Alpine power amp having a value of less than $500, the property of Jeff Timothy.

Honea filed a plea of double jeopardy on June 15, 1998, citing his prior plea to the state court theft by receiving charge and seeking dismissal of both theft by receiving counts in the superior court accusation. The State conceded that the second count of the superior court accusation was the same charge that Honea had previously pled to in state court. Accordingly, the State entered a nolle prosequi as to the second count. This case concerns the felony charge in the first count, which Honea contended was also barred by double jeopardy on procedural and substantive grounds.

As to the procedural double jeopardy claim, OCGA § 16-1-7 (b) provides that the State must prosecute crimes in a single prosecution "[i]f the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court. . . ." A subsequent prosecution is barred by OCGA § 16-1-8 (b) (1) for any crime that should have been prosecuted in the first prosecution under the requirements of OCGA § 16-1-7 (b). Hill v. State, 234 Ga. App. 173, 175 (507 SE2d 3) (1998).

Honea contends that when the state court prosecuting officer (the solicitor general) commenced the theft by receiving prosecution in the state court, he knew of the facts which supported the felony theft by receiving charge subsequently brought in the superior court accusation. The record shows that the state court accusation was based on Warrant No. 96W3291 issued by the magistrate court on March 9, 1996, for the arrest of Honea. The arrest warrant was supported by a police officer's sworn statement that between January 31, 1996 and February 2, 1996, Honea had stolen property in his possession at his residence, to wit: an Alpine power amp having a value of $150, the property of Jeff Timothy. The record also shows that the subsequent superior court felony accusation was based on Warrant No. 96W3198 issued by the magistrate court on March 7, 1996, for the arrest of Honea. This arrest warrant was supported by a sworn statement by the same police officer that between January 31, 1996 and February 21, 1996, Honea had stolen property in his possession at his residence, to wit: in excess of 40 items of stereo equipment having a value of approximately $20,000. Furthermore, the record shows that the superior court entered an order on March 19, 1996, prepared by Honea's defense counsel, which stated that, because Honea had already posted an $11,000 bond on the superior court charges arising from Warrant No. 96W3198, no further cash bond would be required on the state court charges arising out of Warrant No. 96W3291. The order contains the further statement that it "appear[ed] to the Court that the present Warrant 96W3291 charges the theft[1] of an item that could have been included in Warrant 96W3198."

Even assuming this record shows that both the state court charge for theft by receiving and the subsequent superior court felony charge for theft by receiving were for separate items of property seized by the same police officer from the same location at the same time, this showing alone would not be sufficient on the present record to invoke the bar of double jeopardy. Honea had the burden of showing that, when the solicitor general commenced the misdemeanor prosecution for theft by receiving, he had actual knowledge of the felony charge arising from the same conduct. *Baker v. State*, 257 Ga. 567, 569 (361 SE2d 808) (1987). Even if the arrest warrant referencing the 40 items of stereo equipment valued at $20,000 or the bond order prepared by defense counsel which associated the two arrest warrants contained information which would have informed the solicitor general as to the existence of the felony charges, nothing in the record establishes that the solicitor general had actual knowl-

---

[1] This was a scrivener's error. The trial court was obviously referring, not to a theft charge, but to a theft by receiving charge.

edge of these documents when he commenced the prosecution. *Cates v. State*, 206 Ga. App. 694, 695 (426 SE2d 576) (1992); compare *Billups v. State*, 228 Ga. App. 804 (493 SE2d 8) (1997). The trial court correctly denied Honea's procedural double jeopardy claim.

In his substantive double jeopardy claim, Honea argued alternatively that the subsequent felony charge for theft by receiving was barred because all the charges at issue for theft by receiving were allegedly committed by the same act and so should have been prosecuted as a single charged offense. "[W]ith respect to receiving or concealing stolen property . . . [if] articles stolen at different times from several persons [are] received and concealed by the same act . . . then there is but one offense." (Punctuation omitted.) *Hardin v. State*, 141 Ga. App. 115, 117-118 (232 SE2d 631) (1977); *Westmoreland v. State*, 151 Ga. App. 850, 851 (261 SE2d 761) (1979). Where, however, the evidence shows that a defendant charged with two separate counts of theft by receiving stolen property actually received the property alleged in each count on two separate occasions, then two separate offenses are shown. *Smith v. State*, 159 Ga. App. 349-350 (283 SE2d 324) (1981).

Honea's argument is based on the provision of OCGA § 16-1-7 (a) prohibiting multiple prosecutions for the same conduct. *Johnson v. State*, 130 Ga. App. 134, 135-137 (202 SE2d 525) (1973); *Breland v. State*, 135 Ga. App. 478, 479 (218 SE2d 153) (1975). In seeking dismissal of the pending felony charge on this basis, Honea had the burden of proving the facts necessary to establish that the felony accusation was committed by the same act and thus constituted the same offense as the misdemeanor accusation under which he was put in jeopardy. *State v. Gillespie*, 206 Ga. App. 427, 428 (425 SE2d 418) (1992). Since there are no facts in the present record establishing that there was only one offense, Honea failed to carry his burden, and the trial court correctly denied the substantive double jeopardy claim.

*Judgment affirmed. McMurray, P. J., and Ruffin, J., concur.*

DECIDED MAY 18, 1999.

*Jack J. Menendez*, for appellant.
*Patrick H. Head, District Attorney, Debra H. Bernes, Nancy I. Jordan, Andrew J. Saliba, Assistant District Attorneys*, for appellee.