A01A0234. BONNER v. THE STATE.
(548 SE2d 84)

ANDREWS, Presiding Judge.

James Craig Bonner appeals from the trial court's denial of his plea of procedural double jeopardy (OCGA § 16-1-7 (b)). Finding no error, we affirm.

The following pertinent facts were stipulated by the parties.

Bonner was arrested on September 29, 1999, by Cobb County Officer Tatum. Bonner was ticketed at that time for no driver's license on his person and no proof of insurance. The next day, Officer Tatum obtained an arrest warrant for Bonner for the additional charges of possession of weapons on school property (a shotgun and two knives), criminal trespass, obstruction of an officer, and underage possession of alcohol. The latter charges were the subject of an indictment by the Cobb County grand jury, returned on January 6, 2000.

On December 6, 1999, Bonner appeared in Cobb State Court and pled guilty to the driving without a license and not having proof of insurance citations. There is no indication on the citations of the name of the person who handled these charges for the solicitor-general's office. Leeann MacDougall, assigned as the solicitor for this traffic court courtroom on that date, did not handle Bonner's case and had no knowledge of it. Although MacDougall is unaware who handled Bonner's case, many solicitors assist informally on an unscheduled basis in traffic court as time permits. There is no evidence of the identities of anyone so assisting on December 6, 1999.

The citations indicated that the "subject was arrested on other charges." These other charges, however, were not enumerated. Mac-Dougall indicated that solicitors typically understand such a notation to mean that the accused was arrested pursuant to an outstanding unrelated bench warrant or failure to appear warrant, rather than additional connected charges.

Officer Tatum did not appear in traffic court on December 6, 1999, nor is it the practice of officers to communicate with solicitors regarding routine traffic offenses such as those in Bonner's case. There is no evidence of any such communication in Bonner's case. In traffic court, the file consists of nothing but the traffic citations and, on occasion, a driver's history. It does not contain a police report of the incident in question, a Georgia Crime Information Center criminal history, or a defendant's book-in sheet. Upon completion of a traffic case, the procedure of the solicitor's office is to retain only the citation itself. This procedure was followed in Bonner's case, and the balance (if any) of the solicitor's file was destroyed.

The felony weapons charge and other misdemeanor charges contained in indictment no. 00-0195 were received in the Cobb District Attorney's Office pursuant to the original warrant, not pursuant to a transfer of the charges from the solicitor's office.

On March 21, 2000, Bonner's motion in autrefois convict and plea of former jeopardy was filed. It was denied by order of June 2, 2000.

1. Bonner's first enumeration is that the trial court erred in denying his motion by "finding that the Solicitor did not have actual knowledge of all of the crimes arising from the same conduct."

Here, Bonner had the burden of affirmatively showing that, when his plea was entered in state court to driving without a license and no proof of insurance, the solicitor had actual knowledge of the other charges which are now included in the indictment. *Turner v. State*, 238 Ga. App. 438, 439 (518 SE2d 923) (1999); *Honea v. State*, 238 Ga. App. 135, 136 (517 SE2d 841) (1999).

Bonner's argument that the trial court's finding of no actual knowledge is in error is premised on his argument that the solicitor "has an absolute obligation to know the facts surrounding a case presented in court for prosecution." This premise is apparently grounded on *State v. Gilder,* 145 Ga. App. 731 (245 SE2d 3) (1978), and other similar cases cited in his brief. *Gilder*, however, has been disapproved by *Baker v. State*, 257 Ga. 567 (361 SE2d 808) (1987), in which the Supreme Court made it clear that OCGA § 16-1-7 (b) applies only to such crimes which are *actually* known to the prosecuting official handling the proceedings.[1] See also *Blackwell v. State*, 232 Ga. App. 884, 885 (502 SE2d 774) (1998).

There was no error in the trial court's conclusion.

2. Bonner's second enumeration is that the trial court erred in denying his motion because the denial was based on her finding "that the parties stipulated that the Solicitor did not have actual knowledge of all of the crimes arising from the same conduct."

Even though that specific stipulation is not one of those contained in the record per se, this argument avails Bonner nothing because it was his burden to demonstrate such knowledge to the court and this he was unable to do. *Turner,* supra; *Honea,* supra. There was sufficient evidence contained in the stipulations from which the trial court could have and obviously did conclude that the solicitor lacked the requisite knowledge. Therefore, even if Bonner is correct in his argument, he has not demonstrated any harm from any such error. *Christensen v. State*, 245 Ga. App. 165, 166 (1) (537 SE2d 446) (2000).

3. Finally, Bonner contends that the solicitor's destruction of the file violated due process. This argument is not contained in the record from the trial court, and we need not consider it further. *Hall v. State*, 241 Ga. App. 454, 463 (3) (525 SE2d 759) (1999).

*Judgment affirmed. Eldridge and Miller, JJ., concur.*

DECIDED APRIL 25, 2001.

*King, King & Jones, David H. Jones, Bernard S. Brody*, for appellant.

---

[1] Knowledge of the arresting officer is not that of the "proper prosecuting officer" for purposes of the statute. *Blackwell v. State*, 232 Ga. App. 884 (502 SE2d 774) (1998).

*Patrick H. Head, District Attorney, Dana J. Norman, Ann B. Harris, Assistant District Attorneys*, for appellee.