## A01A1246. BROWN v. THE STATE.
(554 SE2d 760)

BLACKBURN, Chief Judge.

Natasha Renee Brown appeals the trial court's denial of her plea in bar of procedural double jeopardy, claiming that her payment of a fine for a seat belt violation prevents the State from pursuing additional charges arising from a 1998 car accident. " 'The appellate standard of review of a grant (or denial) of a double jeopardy plea in bar is whether, after reviewing the trial court's oral and written rulings as a whole, the trial court's findings support its conclusion.' " *Wilson v. State*.[1]

The facts show that on July 17, 1998, Brown was involved in a car accident that resulted in the death of her nine-year-old nephew. The police cited Brown for failing to secure a minor, requiring her to appear on August 20, 1998, at a hearing in the traffic division of Clayton County State Court. This hearing date was continued by agreement of counsel because the State was investigating the possibility of bringing additional charges in connection with the crash.

On July 23, 1998, the prosecutor's office informed the clerk's office not to accept payment on Brown's traffic violation because the case might involve a charge of vehicular homicide. An employee of the clerk's office attached a note to the uniform traffic citation so

---

cian); *Jackson v. Miller*, 176 Ga. App. 220, 221 (1) (335 SE2d 438) (1985) (no official immunity for employee-physician).

[1] *Wilson v. State*, 229 Ga. App. 455 (494 SE2d 267) (1997).

indicating. On September 16, 1998, Brown's traffic citation was transferred by the clerk to the solicitor-general's office.

In June 1999, the clerk's office sent Brown a demand letter in connection with the court's effort to collect unpaid fines.[2] However, this letter was sent in error. As part of its collection efforts, the clerk's office used a computer search to generate a report of cases where fines were owed. The clerk generated and sent form demand letters to the persons on the report, including Brown. However, the computer software program utilized to formulate the report had search parameters that allowed for the inclusion of individuals, such as Brown, who had other charges under investigation and had not missed their court dates. On June 8, 1999, Brown mailed a $15 money order to the court in response to the letter.

Upon receipt of the money order, the clerk accepted the payment and issued a receipt. An employee of the clerk's office temporarily coded Brown's case as a "delinquent suspended sentence" so that the computer system would accept the payment. When the clerk's office discovered that payment had been made erroneously, it designated the funds as a cash bond and updated the computer records to prevent the cash bond from being automatically forfeited.[3] The funds were not forfeited and remain in the court's registry.

On July 6, 1999, the prosecutor filed an accusation charging Brown with improper lane change, safe operation of a vehicle required, and second degree vehicular homicide. Brown filed a plea in bar, contending that any further prosecution would be in violation of OCGA § 16-1-7 (b), which provides, in pertinent part, "[i]f the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution."

After an evidentiary hearing, the trial court denied Brown's plea in bar, concluding that the State's case could proceed because there had been no final disposition of the seat belt charge. This appeal followed.

OCGA § 16-1-7 (b) "prevents successive prosecutions for crimes (1) arising from the same conduct, (2) known to the proper prosecuting officer, and (3) subject to jurisdiction in the same court." *Wilson*, supra at 456. Here, the issue to be resolved is whether it can be said that there were successive prosecutions. Brown claims that the first

---

[2] The demand letter informed Brown that she had failed to pay a fine before a scheduled January 1, 1999 hearing date. The letter provided that further failure to pay could result in arrest, garnishment, or the suspension of Brown's driver's license. Brown had not missed a court appearance.

[3] Cash bonds are forfeited the last day of each month by virtue of a general court order.

"prosecution" involved her payment of $15 to the clerk. We disagree.

In *Collins v. State*,[4] this Court affirmed the trial court's denial of a defendant's plea in bar of a DUI charge based upon the prior payment of a fine for a speeding ticket. There, prior to trial, the defendant sought to dispose of the speeding ticket by paying a fine to the court clerk. Id. at 758. The clerk accepted the fine and issued a receipt. Id. Defendant then filed a plea in bar to the DUI charge, citing OCGA § 16-1-7 (b). The trial court denied the plea, ruling that, because the defendant had not entered a plea on the speeding charge before a judicial officer, there had been no final disposition of that charge. Id. We affirmed: "[N]o prosecuting officer was involved in the appellant's payment of the fine on the speeding charge, nor did that act result in the entry of any dispositional order by any judicial officer." Id. at 758 (1). Consequently, we held that the defendant "[had] not been subjected to any former 'prosecution' within the meaning of OCGA [§] 16-1-7 (b)." Id.

Here, Brown mailed a $15 money order to the court clerk to dispose of a seat belt violation. The clerk accepted the payment and issued a receipt. Brown filed a plea in bar to the additional charges, citing OCGA § 16-1-7 (b). As was the case in *Collins*, here, Brown did not enter a plea in connection with her payment.[5] Likewise, a prosecuting officer was not involved in the payment of the fine. Indeed, neither the court nor the solicitor's office was informed of the collection efforts or that the demand letters were sent in error. Furthermore, the prosecutor informed the clerk's office *not* to accept payment in this case because of the possibility of additional charges.

Finally, similar to *Collins*, Brown's payment did not result in the entry of a dispositional order by any judicial officer. In fact, after the clerk designated Brown's payment as a cash bond, it took steps to prevent its forfeiture and the entry of a dispositional order. The forfeiture of a cash bond may result in the final disposition of a case, but only where the court enters a judgment ordering the case disposed of and settled. See OCGA § 17-6-8; *Collins*, supra at 758 (1). "If the court does not enter a judgment ordering the case disposed of and settled, the forfeiture of the cash bond shall not be a bar to subsequent prosecution of the person charged with the violation of such laws." OCGA § 17-6-8. Under the present facts, we hold that Brown was not subject to any former "prosecution" within the meaning of OCGA § 16-1-7 (b).

The cases cited by Brown are distinguishable. In each case, there was a former disposition of the traffic offense which barred addi-

---

[4] *Collins v. State*, 177 Ga. App. 758 (341 SE2d 288) (1986).

[5] We note that Brown pled not guilty when she later waived arraignment on the seat belt charge.

tional prosecutions arising from the same conduct. In *In the Interest of J. B. W.*,[6] the defendant, after receiving a letter from the clerk (similar to the one received by Brown), appeared at the juvenile court with his father, *entered a plea*, and paid the fines, formally disposing of the charges and barring subsequent prosecution. In *State v. Kennedy*,[7] the defendant paid a traffic citation which was signed by the solicitor of the court, the bond was forfeited in open court, and the trial judge entered an order approving of the forfeiture and disposing of the case. Finally, in *Weaver v. State*,[8] the defendant's plea of nolo contendere to a speeding charge, followed by the trial court's sentencing, barred additional prosecutions for DUI and endangering a child. In each of these cases, unlike the case at bar, there were successive prosecutions. See OCGA § 16-1-7.

We hold that the trial court's findings support its conclusion to deny Brown's plea in bar. Brown tendered the money order due to a clerical error which resulted in a mistaken request to pay a fine. This clerical error occurred without the knowledge or approval of the court or the prosecutor's office. Brown's payment was held as a cash bond, and the clerk took steps to prevent its forfeiture because there were additional charges connected with the citation. Under the facts of this case, Brown was not subject to a former "prosecution" by virtue of her paying the fine for a seat belt violation. Accordingly, the State's subsequent prosecution is not barred by OCGA § 16-1-7.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 14, 2001.

*Michael M. Hawkins*, for appellant.
*Keith C. Martin, Solicitor-General*, for appellee.

---

[6] *In the Interest of J. B. W.*, 230 Ga. App. 673, 674 (497 SE2d 1) (1998).

[7] *State v. Kennedy*, 216 Ga. App. 405 (454 SE2d 600) (1995).

[8] *Weaver v. State*, 224 Ga. App. 243, 244 (480 SE2d 286) (1997).