## A01A0900. BAKER v. THE STATE.
### (554 SE2d 797)

RUFFIN, Judge.

A jury found Manuel Max Baker guilty of two counts of leaving the scene of an accident. Baker appeals, asserting that the trial court erred in denying his double jeopardy plea in bar and his motion for mistrial based on a comment by the solicitor-general during closing argument. For reasons that follow, we affirm.

1. Baker's convictions stem from an automobile accident he had with Yolanda Stringfellow on October 8, 1999.[1] The accident report reveals that the collision occurred on Interstate 285 in DeKalb County at approximately 4:30 p.m. and that a vehicle with an unknown driver, later identified as Baker, left the scene of the accident ("accident number one"). Approximately 20 minutes later, Baker was involved in a second accident with a car driven by Christina Black ("accident number two"). Baker did not leave the scene of accident number two and was issued citations for driving under the influence, failure to maintain lane, and driving with an expired license.

Upon investigating accident number one, the investigating officer discovered that the vehicle involved in that accident was the same one involved in accident number two. On November 29, 1999, the officer issued Baker a citation for leaving the scene of accident number one. A few months later, on February 22, 2000, Baker, represented by counsel, negotiated a plea with the State regarding the charges arising out of accident number two.[2]

---

[1] Baker was charged with two counts of leaving the scene of an accident based on the accident with Stringfellow. In the first count, the State alleged that Baker violated OCGA § 40-6-270, "by failing to stop at an accident." In the second count, the State alleged that Baker violated § 40-6-270 "by failing to immediately return to an accident."

[2] Both Baker and the State refer the Court to exhibits attached to their briefs as evidence of the plea agreement. These exhibits, however, are not part of the record and will, accordingly, not be considered on appeal. See Court of Appeals Rule 23 (f); *Jones v. State,*

Baker argues that the State's prosecution of him for leaving the scene of accident number one is barred by double jeopardy because the prosecutor knew about those charges when she negotiated the plea on charges stemming from accident number two and because all the charges arose from the same conduct. Baker's argument is based on OCGA § 16-1-7 (b) which provides that "[i]f the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution."

Baker's argument fails for two reasons. First, the test for determining what is known by the prosecutor is whether the prosecutor had *actual knowledge* of the other offenses which arose from the same conduct.[3] Thus, OCGA § 16-1-7 (b) does not bar prosecution of other offenses unless the defendant affirmatively shows that the other crimes were "*actually* known to the prosecutor handling the proceedings."[4] At the plea in bar hearing in this case, the assistant solicitor-general who prosecuted the accident number two offenses stated in her place that she was unaware of accident number one when she negotiated the plea on accident number two.[5]

Second, the several crimes did not arise from the same conduct. The offenses stem from different automobile accidents, which occurred at different times, in different locations.[6] Under these circumstances, the trial court correctly denied Baker's double jeopardy plea in bar.[7]

2. Baker, who presented no evidence and did not testify, asserts that the trial court erred in failing to grant a mistrial when the solicitor commented on his "failure to testify in her closing argument to the jury."[8] The comment concerned the testimony of the police officer who responded to accident number two, Officer Cox. During his testimony, Cox described the van Baker was driving, but never men-

---

224 Ga. App. 340, 341 (2) (480 SE2d 618) (1997). Nonetheless, the parties do not dispute the existence of the plea agreement, and the hearing transcript on Baker's plea in bar supports such finding.

[3] *Turner v. State*, 238 Ga. App. 438-439 (518 SE2d 923) (1999).

[4] (Emphasis in original.) Id. at 439. See also *Honea v. State*, 238 Ga. App. 135, 136 (517 SE2d 841) (1999).

[5] The record also shows that, because Baker neglected to tell his own counsel about accident number one, counsel was also unaware of the charges arising out of that accident.

[6] See *State v. Steien*, 214 Ga. App. 345, 346 (447 SE2d 701) (1994).

[7] See id.; *Turner*, supra; *Honea*, supra.

[8] In his argument on this enumeration of error, Baker refers to a comment purportedly made by the solicitor that he claims was "within the province of the jury." However, Baker failed to support this assertion with any reference to the record, citation of authority, or argument. Accordingly, any claims relating to the purported statement are deemed abandoned. See Court of Appeals Rule 27 (c).

tioned any damage to the van, and on cross-examination, Baker did not ask about any such damage. Baker later moved for a directed verdict, arguing that because there was no evidence that his van was damaged, the jury could not find that he was involved in accident number one. The court denied the motion, and during closing argument the prosecutor stated:

> [Defense counsel] will argue, I believe, that there was no damage to Mr. Baker's car as testified to by Officer Cox. . . . [H]e didn't ask Officer Cox about any damage to the white van at the time he met that vehicle. So you can't infer there was no damage. He didn't ask the question. There is no evidence saying there wasn't. He may ask you to infer it. [Defense counsel] could have asked that question but he didn't.

Baker objected to the argument on the ground that it implied he had "the burden of proving his innocence," and the court overruled his objection.

We note initially that it is questionable whether Baker preserved the asserted error for appeal.[9] As stated above, Baker's objection was grounded on the argument that the prosecutor implied that he had "the burden of proving his innocence," and not, as asserted on appeal, that the prosecutor commented on his election not to testify. Although it appears from the transcript that the prosecutor construed the objection as focusing on Baker's "right to remain silent," and asserted that her argument did not impermissibly comment on this right, our review of the transcript does not reveal any argument by Baker on the enumerated ground.

Furthermore, even if Baker had raised the argument below, we disagree that a new trial is required on the ground that the trial court abused its discretion in failing to overrule the objection.[10] Reversal is not warranted absent "a finding that (1) the prosecutor's manifest intention was to comment upon the accused's failure to testify or (2) the comment was of such a character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify."[11]

In this case, there is no evidence that the prosecutor's manifest intention was to comment on Baker's failure to testify. Instead, it

---

[9] Although the State argues that Baker waived the asserted error because he merely objected and did not move for mistrial, a timely objection is sufficient to preserve an issue for appellate review. See *Bolden v. State*, 272 Ga. 1 (525 SE2d 690) (2000).

[10] See *Bowen v. State*, 203 Ga. App. 371, 374 (5) (417 SE2d 18) (1992) (stating that trial court's refusal to grant a mistrial is reviewed for abuse of discretion).

[11] (Punctuation omitted.) *Lowe v. State*, 253 Ga. 308, 309-310 (1) (319 SE2d 834) (1984).

appears that the prosecutor merely expected Baker to raise the same argument before the jury that he argued in his motion for directed verdict — that there was no evidence of damage to his vehicle. Anticipating this argument, the prosecutor pointed out that Baker did not present any evidence or elicit any testimony refuting the State's case.[12] We similarly find that the prosecutor's argument "was not one that must necessarily and naturally be construed as a comment on the failure of [Baker] to testify."[13] Considering the context of the comments, the prosecutor was permitted "to argue that the defense did not present evidence to refute the state's case."[14] The jury could certainly have construed the argument in this manner, and under these circumstances, the trial court did not abuse its discretion in overruling Baker's objection.[15]

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED SEPTEMBER 20, 2001.

*Jeffrey R. Sliz*, for appellant.
*Gwendolyn R. Keyes, Solicitor-General, Kimberly Sanders-Bjurmark, Assistant Solicitor-General*, for appellee.

---

[12] See id.
[13] Id. at 310 (1).
[14] Id. See also *Turner v. State*, 199 Ga. App. 836, 838 (4) (406 SE2d 512) (1991).
[15] See *Lowe*, supra.