A09A0969. THE STATE v. JEFFRIES.

(679 SE2d 368)

ELLINGTON, Judge.

The Superior Court of DeKalb County granted Lynnisha Jeffries' motion in autrefois convict, barring the State from prosecuting Jeffries on felony charges of aggravated assault and aggravated battery arising out of a bar fight between Jeffries and the alleged victim. The court reasoned that since Jeffries had previously pleaded guilty in recorder's court to violating a disorderly conduct ordinance, a charge which arose from the same bar fight, the State was prohibited from prosecuting Jeffries for other offenses arising from

---

the same incident. Pursuant to OCGA § 5-7-1 (a) (3),[1] the State appeals. For the reasons set forth below, we reverse.

On appeal from the grant or denial of a plea in bar, "where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, [as here,] we review de novo the trial court's application of the law to the undisputed facts." (Punctuation and footnote omitted.) *Barlowe v. State*, 286 Ga. App. 133 (648 SE2d 471) (2007). So viewed, the record reveals that Jeffries was indicted for the November 26, 2006, aggravated assault and aggravated battery of Joneka Pittman. The State charged Jeffries with committing the aggravated assault by using a beverage bottle, an object which when used offensively against the victim was likely to result in serious bodily injury. The State also charged Jeffries with aggravated battery for maliciously injuring and seriously disfiguring the victim's head and face with the beverage bottle. The record reveals that Jeffries pleaded guilty on November 27, 2006, in the DeKalb County Recorder's Court to violating a local ordinance, "16-58," pertaining to "disorderly conduct," for "fighting, bottles, cursing, loud." Although it is apparent from the record that Jeffries pleaded guilty to a local ordinance violation, no copy of the ordinance was introduced at the hearing on Jeffries' motion, and the appellate record does not contain a copy of the ordinance.

1. In two related claims of error, the State contends the trial court erred in finding that it is barred from prosecuting Jeffries under the substantive aspect of double jeopardy,[2] OCGA § 16-1-7 (a),[3] in that disorderly conduct is an included offense of both aggravated battery and aggravated assault.

> In the case of successive municipal[4] and State prosecutions, the question of whether a second prosecution is barred by

---

[1] "An appeal may be taken by and on behalf of the State of Georgia from the superior courts . . . [f]rom an order, decision, or judgment sustaining a plea or motion in bar, when the defendant has not been put in jeopardy."

[2] The doctrine of substantive double jeopardy prohibits multiple *convictions* and *punishments* for the same offense. *Drinkard v. Walker*, 281 Ga. 211, 212 (636 SE2d 530) (2006). The doctrine of procedural double jeopardy prevents successive *prosecutions* under certain circumstances and is intended to prevent putting a defendant through the harassment and expense of successive trials. See *State v. Estevez*, 232 Ga. 316 (206 SE2d 475) (1974), overruled on different grounds, *Drinkard v. Walker*, 281 Ga. at 212.

[3] When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if: (1) One crime is included in the other; or (2) The crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct.

[4] Although the DeKalb County Recorder's Court is a county, not a city, court, it is an inferior tribunal of limited jurisdiction. Created by Ga. L. 1958, pp. 582, 583, § 1, the recorder's court has jurisdiction "to hear and determine cases involving violations of all county

the first is controlled by the State and Federal constitutions. The constitutional prohibition is against being twice placed in jeopardy for the "same offense." As the United States Supreme Court has stated, "The identity of offenses is, therefore, a recurring issue in double jeopardy cases."

(Citations and punctuation omitted.) *Baker v. State*, 263 Ga. App. 462, 463-464 (1) (588 SE2d 288) (2003). In those cases where the same act, conduct, or transaction constitutes a violation of two distinct laws, as argued here, the test to be applied for determining whether one offense is included in the other so that prosecution for both violates OCGA § 16-1-7 (a) (1) is the "required evidence test" set forth in *Drinkard v. Walker*, 281 Ga. 211, 212-216 (636 SE2d 530) (2006).

We are unable to resolve whether Jeffries' conviction for disorderly conduct, a violation of a local ordinance, constitutes an included offense of either the aggravated battery and aggravated assault charges averred in the indictment because the ordinance at issue was not made a part of the record. Our courts cannot take judicial notice of local ordinances; rather, "they must be alleged and proved by production of the original or of a properly certified copy." (Punctuation omitted.) *Latimore v. City of Atlanta*, 289 Ga. App. 85, 86 (2) (656 SE2d 222) (2008). Because the ordinances were not properly made a part of the record below, we cannot consider any arguments based upon them. *Prime Home Properties, LLC v. Rockdale County Bd. of Health*, 290 Ga. App. 698, 701 (1) (660 SE2d 44) (2008). However, as the State correctly pointed out, because Jeffries did not set forth the elements of the disorderly conduct ordinance below, failing completely to plead and to prove the ordinance by any proper method, she failed to carry her burden of proving her special plea in autrefois convict at the trial court level. See *State v. Fowler*, 182 Ga. App. 897 (357 SE2d 329) (1987). Consequently, we must reverse the court's order.

2. Although the trial court did not specifically find a violation of the procedural aspect of double jeopardy under OCGA § 16-1-7 (b),[5] it used language suggesting an analysis, in part, under that Code section. Because Jeffries failed to carry her burden of proving in the hearing below that the charges at issue could have been brought within the jurisdiction of a single court and that the proper pros-

---

ordinances and regulations, including traffic ordinances and regulations[.]" Thus, the analysis used above would also apply to a county recorder's court.

[5] "If the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution except as provided in [OCGA § 16-1-7 (c)]."

ecuting attorney had actual knowledge of the recorder's court proceedings, the trial court was not authorized to grant the plea in bar pursuant to OCGA § 16-1-7 (b). *Rowe v. State*, 218 Ga. App. 746, 748 (463 SE2d 21) (1995). Consequently, to the extent the court's order is based upon this procedural aspect of double jeopardy, it must also be reversed. Id.

*Judgment reversed. Johnson, P. J., and Mikell, J., concur.*

DECIDED MAY 29, 2009.

*Gwendolyn Keyes Fleming, District Attorney, Leonora Grant, Assistant District Attorney*, for appellant.

*Laila A. Kelly, Gerard B. Kleinrock*, for appellee.