### A10A1604. CHANDLER v. THE STATE.
(699 SE2d 840)

MIKELL, Judge.

Chris Noel Chandler appeals the trial court's partial denial of his plea in bar of procedural double jeopardy, claiming that his bond forfeiture for following too closely precludes the state from prosecuting him on DUI charges arising out of the same incident. The appellate standard of review of a grant or denial of a plea in bar of double jeopardy is whether the trial court's findings support its conclusion.[1]

In the case at bar, the parties stipulated to certain facts, and the court also made findings in its order. These facts show that, on February 16, 2009, following a collision, a Gwinnett County police officer issued Chandler a citation for following too closely. On or about April 15, 2009, after Chandler's blood test results became known, the same officer issued him a second citation for driving

---

[1] *Brown v. State*, 251 Ga. App. 569 (554 SE2d 760) (2001); *State v. Goble*, 231 Ga. App. 697, 700 (500 SE2d 35) (1998).

under the influence of drugs. Both citations were filed in recorder's court. On April 22, Chandler resolved the following too closely charge by forfeiting a bond, which involved paying a fine at a desk operated by the clerk of the recorder's court. On June 3, the solicitor-general filed an accusation in state court charging Chandler with two counts of DUI and one count of following too closely.

Chandler filed a motion to dismiss/plea of former jeopardy, arguing that the bond forfeiture on the following too closely charge barred his prosecution on all of the charges contained in the June 3 accusation. After a hearing, the trial court granted Chandler's motion as to the following too closely charge, ruling that it was barred by the bond forfeiture, but denied the motion as to the DUI charges. This appeal followed.

> Multiple convictions and successive prosecutions for the same conduct are prohibited under OCGA § 16-1-7 (b): "If the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution."[2]

The trial court found no dispute that the charges arose from the same conduct and were within the jurisdiction of a single court. The court thus focused on whether the "proper prosecuting officer" knew about all of the charges at the time the prosecution was commenced. Chandler argued below, as he does on appeal, that knowledge of the traffic citations should be imputed to the solicitor-general because the solicitor-general prosecutes cases in recorder's court as well as state court. The trial court properly noted, however, that constructive knowledge is insufficient; OCGA § 16-1-7 (b) applies "only to such crimes which are *actually* known to the prosecuting officer *actually* handling the proceedings."[3] Moreover, the solicitor-general, and not the arresting officer, was the "proper prosecuting officer" pursuant to OCGA § 16-1-7 (b).[4] Further, Chandler bore the burden of proving that the solicitor-general had "actual knowledge of all the charges" at the time of the disposition of the following too closely charge in the recorder's court.[5] The trial

---

[2] (Punctuation omitted.) *Zater v. State*, 197 Ga. App. 648 (1) (399 SE2d 222) (1990) (whole court).

[3] (Punctuation omitted; emphasis in original.) *Baker v. State*, 257 Ga. 567, 568-569 (361 SE2d 808) (1987); accord *Blackwell v. State*, 232 Ga. App. 884, 885 (502 SE2d 774) (1998).

[4] (Citation and punctuation omitted.) *Rowe v. State*, 218 Ga. App. 746, 747 (463 SE2d 21) (1995); *Zater*, supra at 649 (1); *Webb v. State*, 176 Ga. App. 576, 577 (336 SE2d 838) (1985).

[5] (Citation omitted.) *Rowe*, supra at 748; accord *State v. Jeffries*, 298 Ga. App. 141, 143-144 (2) (679 SE2d 368) (2009).

court found otherwise after the hearing, and the evidence supports those findings. On appeal, Chandler points to no evidence in the record to indicate that the solicitor-general actually knew of the offenses which were pending in the recorder's court.[6]

*State v. Kennedy*,[7] upon which Chandler relies, is distinguishable. In that case, the defendant paid a traffic citation that was signed by the solicitor-general of the state court, the bond was forfeited in open court, and the state court entered an order approving of the forfeiture and disposing of the case.[8] We held that the trial court properly granted the defendant's plea of former jeopardy to the charge of vehicular homicide that was later brought by the same solicitor-general.[9] None of those facts are present in this case. Here, the traffic citation was issued by a police officer, filed in recorder's court, and disposed of at the clerk's office without the intervention of a prosecuting officer or a judge.[10]

As Chandler failed to sustain his burden of showing that the solicitor-general's office had actual knowledge of the DUI at the time of the bond forfeiture, the trial court did not err in denying the plea as to the DUI charges in the accusation.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED AUGUST 4, 2010.

*Kelly D. Kautz*, for appellant.
*Rosanna M. Szabo, Solicitor-General, Nicholas J. Carse, Assistant Solicitor-General*, for appellee.

---

[6] See *Simmons v. State*, 263 Ga. App. 220, 222 (587 SE2d 312) (2003).
[7] 216 Ga. App. 405 (454 SE2d 600) (1995).
[8] Id.
[9] Id. at 406.
[10] See *Brown*, supra at 571 ("forfeiture of a cash bond may result in the final disposition of a case, but only where the court enters a judgment ordering the case disposed of and settled") (citation omitted). "If the court does not enter a judgment ordering the case disposed of and settled, the forfeiture of the cash bond shall not be a bar to subsequent prosecution of the person charged with the violation of such laws." OCGA § 17-6-8.