**FIFTH DIVISION**
**PHIPPS, P. J.,**
**DILLARD and PETERSON, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**September 21, 2016**

# In the Court of Appeals of Georgia

A16A1230. THE STATE v. GARLEPP.

DILLARD, Judge.

Following a traffic stop, Ryan Garlepp received citations for failing to wear a seat belt and driving with more than 0.02 percent blood-alcohol content while under the age of 21 ("DUI per se (under 21)"). After he paid a fine to dispose of the failure-to-wear-a-seat-belt citation, the State charged him, via accusation, with, *inter alia*, DUI per se (under 21). Garlepp then filed a plea in bar on the ground of procedural double jeopardy, which the trial court granted. On appeal, the State challenges the grant of Garlepp's plea in bar, arguing that the trial court erred in identifying the solicitor general's office generally as the proper prosecuting officer and in finding that both offenses in question were known to the proper prosecuting officer. For the reasons set forth *infra*, we agree that the trial court erred and, thus, reverse.

At the outset, we note that on appeal from the grant or denial of a double jeopardy plea in bar, we review the trial court's oral and written rulings as "a whole to determine whether the trial court's findings support its conclusion."[1] But when the evidence is uncontroverted and witness credibility is not an issue, "our review of the trial court's application of the law to the undisputed facts is de novo."[2]

So viewed, the record shows that at approximately 7:30 a.m. on May 23, 2015, a Cherokee County sheriff's deputy observed a white pickup truck swerve wildly to its right to avoid hitting a vehicle in front of it, which had stopped to make a left turn into the parking lot of a fast-food restaurant. Believing that the pickup truck had been following the other vehicle too closely, the deputy initiated a traffic stop and immediately noticed that the driver, ultimately identified as Garlepp, was not wearing his seat belt. Upon approaching the vehicle and speaking to Garlepp, the deputy smelled an alcoholic beverage odor and asked Garlepp, who was 20 years old at the time, if he had been drinking. Garlepp admitted that he had been drinking, but claimed that he drank his last beer around 12:30 a.m. while camping.

---

[1] *State v. Hill*, 333 Ga. App. 785, 785 (777 SE2d 265) (2015) (punctuation omitted); *see also State v. Pruiett*, 324 Ga. App. 789, 790 (751 SE2d 579) (2013) (same).

[2] *Id.* (punctuation omitted); *see also Pruiett*, 324 Ga. App. at 790 (same).

Shortly thereafter, another sheriff's deputy—who had been called to the scene by the first deputy—arrived and had Garlepp perform several field-sobriety tests, which indicated impairment, and also administered an alco-sensor breath test, which returned a positive result for alcohol. Consequently, the second deputy arrested Garlepp for DUI per se (under 21) and read him the implied-consent notice for suspects under the age of 21. And at some point that same morning, Garlepp received a citation for failing to wear a seat belt[3] and a separate citation for driving DUI per se (under 21).[4] Both citations were filed with the Cherokee County State Court Clerk's Office that day, but for unknown reasons, they were assigned different case numbers.

On June 5, 2015, an unidentified assistant solicitor general amended Garlepp's seat-belt citation, which entailed adding the applicable subsection to the offense's code section and—illegibly—initialing the edit. On June 8, 2015, Garlepp paid the fine for his seat-belt citation via the Cherokee County Clerk of Court's traffic tickets website, and, coincidentally, that same day, another assistant solicitor general, David McElyea, reviewed Garlepp's DUI per se citation file, determined that Garlepp was

[3] *See* OCGA § 40-8-76.1 (b).

[4] *See* OCGA § 40-6-391 (k) (1).

not eligible for the Cherokee County DUI/Drug Court, and signed a recommendation form indicating as much.

On June 15, 2015, the solicitor general's office filed an accusation charging Garlepp with DUI less safe, DUI per se (under 21), underage possession of alcohol, and following too closely. Then, on June 24, 2015, Garlepp filed a motion in autrefois convict and plea of former jeopardy,[5] arguing that because he disposed of the seat-belt citation by paying the fine online, any further prosecution for crimes arising out of the same conduct was barred by procedural double jeopardy under OCGA § 16-1-7. Several months later, the trial court held a hearing on the issue, which concluded with the court determining that double jeopardy, indeed, barred any further prosecution. Consequently, on January 8, 2016, the trial court issued an order granting Garlepp's motion and plea in bar. This appeal by the State follows.[6]

---

[5] *See* Akhil Reed Amar, *Double Jeopardy Law Made Simple*, 106 Yale LJ 1807, 1814 (1997) ("At common law, the double jeopardy idea encompassed two basic pleas in bar, prior acquittal and prior conviction--in law French, autrefois acquit de même felonie and autrefois convict de même felonie. The obvious idea here is that if a person has, on a prior occasion (autrefois) been acquitted or convicted of the exact same crime (la même felonie) with which he is now charged, he can plead the previous judgment as a bar to the second indictment.").

[6] *See* OCGA § 5-7-1 (a) (3) (providing that the State may appeal from an order sustaining a plea or motion in bar, when the defendant has not been put in jeopardy).

The State contends that the trial court erred in granting Garlepp's plea in bar under OCGA § 16-1-7 (b), arguing in two separate enumerations of error that the entire solicitor general's office was not the proper prosecuting officer and that both offenses in question were not known to the proper prosecuting officer. We agree with the latter argument and, thus, reverse the trial court's ruling.

The prohibition against double jeopardy in both the United States Constitution[7] and the Georgia Constitution[8] protects our citizens from, *inter alia*, being prosecuted a second time for the same offense after an acquittal or conviction.[9] Our General Assembly has also enacted several statutory provisions—OCGA §§ 16-1-6, 16-1-7, 16-1-8—that "also provide limitations on multiple prosecutions, convictions, and punishments for the same criminal conduct."[10] And because Georgia law "expands

---

[7] *See* U.S. Const. amend. V (" . . . nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb . . . .").

[8] *See* Ga. Const. Art. 1, § 1, ¶ XVIII ("No person shall be put in jeopardy of life or liberty more than once for the same offense except when a new trial has been granted after conviction or in case of a mistrial.").

[9] *See Phillips v. State*, 298 Ga. App. 520, 521 (1) (680 SE2d 424) (2009).

[10] *Phillips*, 298 Ga. App. at 521 (1) (punctuation omitted); *see also Roberts v. State*, 280 Ga. App. 672, 673 (634 SE2d 790) (2006); *Sword v. State*, 232 Ga. App. 497, 498 (502 SE2d 334) (1998).

the proscription of double jeopardy beyond that provided for in the United States and Georgia Constitutions," we look to the foregoing statutory provisions to resolve issues of double jeopardy.[11]

Procedural double jeopardy under Georgia law is set forth in OCGA § 16-1-7 (b), which "prohibits multiple prosecutions for the same conduct."[12] More specifically, OCGA § 16-7-1 (b) provides that "[i]f the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution . . . ." And as we have previously explained, this statutory provision requires the State to "prosecute crimes in a single prosecution if the crimes (1) arise from the same conduct, (2) are known to the proper prosecuting officer at the time of commencing the prosecution, and (3) are within the

---

[11] *Phillips*, 298 Ga. App. at 521 (1) (punctuation omitted); *see also Prater v. State*, 273 Ga. 477, 480 (4) (545 SE2d 864) (2001).

[12] *Etienne v. State*, 298 Ga. App. 149, 150 (679 SE2d 375) (2009) (punctuation omitted); *see also Hill*, 333 Ga. App. at 787 (holding that OCGA § 16-1-7 (b) prohibits successive prosecutions for crimes arising from the same conduct); *Chandler v. State*, 305 Ga. App. 526, 527 (699 SE2d 840) (2010) (noting that multiple convictions and successive prosecutions for the same conduct are prohibited under OCGA § 16-1-7 (b)); *Zater v. State*, 197 Ga. App. 648, 648 (1) (399 SE2d 222) (1990) (same).

jurisdiction of a single court."[13] Thus, for procedural double jeopardy to attach, "all three prongs outlined above must be satisfied."[14]

Here, it is undisputed that the subject crimes arise from the same conduct and that they are both within the jurisdiction of the Cherokee County State Court. Thus, our focus is on the second prong of OCGA § 16-1-7 (b), the knowledge of the proper prosecuting officer. In that regard, in *Baker v. State*,[15] the Supreme Court of Georgia declined to adopt a constructive-knowledge test but, instead, held that OCGA § 16-1-7 (b) applies "only to such crimes which are *actually* known to the prosecuting officer *actually* handling the proceedings."[16] Moreover, under this "actual knowledge test," the defendant bears the burden of "affirmatively showing that the proper prosecuting officer actually knew that there were other crimes arising out of the same conduct as the crime that the officer was prosecuting."[17] Thus, the critical question for resolving

---

[13] *Sellers v. State*, 332 Ga. App. 14, 17 (1) (770 SE2d 31) (2015) (punctuation omitted); *see also Weaver v. State*, 224 Ga. App. 243, 243 (480 SE2d 286) (1997).

[14] *Banks v. State*, 320 Ga. App. 98, 100 (739 SE2d 414) (2013); *see also Wilson v. State*, 229 Ga. App. 455, 455 (494 SE2d 267) (1997).

[15] 257 Ga. 567 (361 SE2d 808) (1987).

[16] *Id.* at 569 (punctuation omitted).

[17] *Sellers*, 332 Ga. App. at 17 (1); *see also Powe v. State*, 257 Ga. 563, 563-65 (361 SE2d 811) (1987); *Turner v. State*, 238 Ga. App. 438, 438-40 (518 SE2d 923)

7

a plea in bar under OCGA § 16-1-7 (b) "pertains to the prosecuting officer's knowledge of all the charges on the date when the defendant's guilty plea was accepted to fewer than all the crimes arising from his conduct."[18]

In its order granting Garlepp's plea of former jeopardy, the trial court found that because the seat-belt citation was amended by an unknown assistant solicitor general on June 5, 2015, the solicitor general's office, in its entirety, was aware of that seat-belt offense when it posited that Garlepp was not eligible for DUI Court on June 8, 2015, and certainly when it charged him, via accusation, with DUI per se and other offenses on June 15, 2015. But in doing so, the trial court erred in "looking not to the first proceeding, but to the later prosecution in state court, to determine the knowledge of the prosecuting officer."[19] Rather, the only knowledge that matters is the knowledge of the assistant solicitor general who amended the seat-belt citation

---

(1999); *Honea v. State*, 238 Ga. App. 135, 135-137 (517 SE2d 841) (1999); *Hill v. State*, 234 Ga. App. 173, 175-77(1) (507 SE2d 3) (1998).

[18] *Hill*, 333 Ga. App. at 787 (punctuation omitted); *see also Sanders*, 188 Ga. App. 774, 774 (374 SE2d 542) (1988).

[19] *Hill*, 333 Ga. App. at 787 (punctuation omitted).

or the assistant solicitor general, if any, who handled the disposition of that offense.[20]

But here, as previously noted, the citation for the seat-belt offense was filed separately from the citation for DUI per se, and nothing on the face of the former citation would have provided the unknown assistant solicitor general who amended the citation with any indication that other charges were pending against Garlepp. And furthermore, the seat-belt citation was issued by the sheriff's deputy, filed in State Court, and disposed of online without the direct intervention of anyone in the solicitor general's office or a judge. Given these particular circumstances, Garlepp failed to sustain his burden of showing that the solicitor general had *actual* knowledge of the DUI per se and other charges at the time he disposed of his seat-belt citation.[21]

---

[20] *See id.* at 788 (holding that the only knowledge that mattered was the knowledge of the prosecutor who handled the defendant's guilty plea to the traffic offenses in probate court and not the knowledge of the prosecutor handling the charges that were still pending in superior court); *Chandler*, 305 Ga. App. at 527-28 (noting that defendant bore the burden of proving that the solicitor general had "actual knowledge of all the charges" at the time of the disposition of the following too closely charge in the recorder's court).

[21] *See Hill*, 333 Ga. App. at 788-89 (reversing trial court's grant of defendant's plea in bar of double jeopardy because defendant could not establish identity of the prosecuting officer, if any, at his guilty plea in recorder's court or that any prosecuting officer in recorder's court was aware of the other pending charges at the time of his guilty plea to the charge of following too closely); *Chandler*, 305 Ga. App. at 527-28 (holding that defendant failed to sustain his burden of showing that the solicitor general's office had actual knowledge of the DUI at the time of the bond

Accordingly, the trial court erred in granting Garlepp's motion and plea in bar of former jeopardy, and we reverse that ruling.

*Judgment reversed. Peterson, J., concurs. Phipps, P. J., concurs in judgment only*.

---

forfeiture in light of the fact that the traffic citation was issued by a police officer, filed in recorder's court, and disposed of at the clerk's office without the intervention of a prosecuting officer or a judge); *see also Baker*, 257 Ga. at 568-69 (holding that State could prosecute defendant for being an habitual violator, even though habitual violator offense arose out of traffic violation to which defendant entered a guilty plea previously, when defendant did not establish that assistant solicitor who handled traffic violation had actual knowledge of habitual violator offense that arose from the same conduct).